500 So.2d 866 (1986)
Thomas R. KENDRICK Individually, Etc.
v.
CITY OF LAKE CHARLES, et al (Three Cases).
Nos. 85 CA 1485, 85 CA 1289 and 86 CA 0157.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
*867 Gordon Crawford, Baton Rouge, for plaintiff-appellant Thomas R. Kendrick, Individually, etc.
Michael McNulty, Lake Charles, for defendant-appellee City of Lake Charles.
Terry Manuel, Lake Charles, for defendant-appellee Cal. Parish Police Jury.
Randall Wells, Baton Rouge, for defendant-appellee State of La., DOTD.
John W. Perry, Jr., Baton Rouge, for defendant-appellee Hartford Ins. Co. and H and H Concrete, Inc.
Pamela C. Walker, Baton Rouge, for defendant-appellee City of Westlake.
*868 Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
On July 2, 1983, at approximately 12:20 a.m., Ruth Rhodes Kendrick was involved in a minor traffic accident in the City of Lake Charles. Prior to the arrival of the investigating officer, Kendrick had parked her vehicle in the parking lot of a nearby convenience store. A field sobriety test administered to Kendrick at the accident site indicated that Kendrick had been driving her vehicle under the influence of alcohol. Kendrick was then taken into the custody of the City of Lake Charles Police Department (L.C.P.D.). The investigating officer received permission from the manager of the convenience store to allow Kendrick's vehicle to remain parked on the premises. Upon glancing into the vehicle, the officer noted a half empty fifth of whiskey on the front seat. Kendrick was then transported to the police station by the L.C.P.D. A Photo Electric Intoximeter test performed at approximately 1:51 a.m. indicated that Kendrick's blood alcohol content registered .166%. Kendrick was subsequently charged with driving while intoxicated, in violation of La.R.S. 14:98 and ticketed for running a red light. Kendrick was released at approximately 3:25 a.m. upon the posting of a $600 bond by Rita Thibodeaux, a professional bondsman. Kendrick subsequently left with Thibodeaux.
At approximately 6:55 a.m. Officer Ted Lyons of the Westlake Police Department arrived at the scene of a two vehicle accident in the City of Westlake. Kendrick had driven her vehicle through a T-Intersection; travelled one hundred seventy-three feet across state owned property which was used as a parking lot by defendant, H & H Concrete, Inc. (H & H Concrete) and crashed head-on into a parked concrete truck owned by H & H Concrete. Officer Lyons remained with Kendrick until the rescue squad arrived. Kendrick told Lyons that the accident occurred at approximately 5:00 a.m. Lyons noted that her speech was slurred; there was a strong odor of liquor on her breath; and he observed an open fifth of whiskey, which was two-thirds empty, in the front of the vehicle.
Kendrick died as a result of the accident. This action was instituted by Thomas R. Kendrick, individually, and as administrator of the estate of his deceased wife and by James Thomas Kendrick, son of the decedent. Named as defendants were the City of Lake Charles, City of Westlake, Parish of Calcasieu, Department of Transportation and Development of the State of Louisiana, H & H Concrete, Hartford Insurance Co., and Rita Thibodeaux. The City of Westlake and Calcasieu Parish were later dismissed from this action.
The City of Lake Charles filed a peremptory exception raising the objection of no cause of action which was maintained by the trial court. H & H Concrete and Hartford filed a motion for summary judgment which was rendered in their favor. DOTD filed a motion for summary judgment which was rendered in favor of DOTD. Plaintiffs appeal from the summary judgments and the maintaining of the objection of no cause of action. These separate appeals were consolidated for consideration by this court.

SUMMARY JUDGMENT
Plaintiffs contend that the trial court erred in granting motions for summary judgment in favor of H & H Concrete and DOTD because of the existence of material issues of fact.
Plaintiffs contend that DOTD failed to adequately sign and light the intersection and that H & H Concrete altered a state-owned highway right-of-way for use as a private parking lot without authority from the state to do so. The unauthorized use and alteration of the state-owned property by H & H and the inadequate signing and lighting of the intersection by DOTD combined to create the illusion that the roadway continued beyond the intersection.
Kendrick allegedly headed east on Interstate 10 Service Road to Miller Avenue, *869 which runs in a north-south direction and forms the "T" to the intersection. The intersection in question is under the sole control or custody of DOTD. The intersection was unsigned, except for a yield sign located in the southwest corner of the intersection. The yield sign was allegedly partially obscured by shrubbery. Kendrick travelled sixty-nine feet from the yield sign to the four inch elevated east curb of Miller Avenue. She then drove one hundred seventy-three feet on the shell and dirt covered lot and struck a parked eighteen wheel concrete truck owned by H & H Concrete. The concrete truck was parked along Westlake Avenue, which runs parallel to Miller Avenue, facing Miller Avenue. The concrete truck was one of approximately five similar trucks owned by H & H Concrete which were parked in a row. The trucks were illuminated by a mercury vapor security light which was installed at the request of H & H Concrete by Gulf States Utility Company on a Gulf States power pole. The power pole was located east of Westlake Avenue, one block away from the Miller Avenue T intersection.
A motion for summary judgment should be granted if the pleadings, affidavits and depositions show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. A summary judgment should not be granted on the likelihood that the mover will prevail on the merits. Oiler v. Sharp Electric, Inc., 451 So.2d 1235, (La.App. 4th Cir.) writ denied, 457 So.2d 1194 (La.1984). A reviewing court should consider the facts alleged by the party opposing the motion for summary judgment in the light most favorable to that party. Robinson v. Estate of Haynes, 433 So.2d 294 (La.App. 1st Cir.), writ denied, 438 So.2d 1112 (La.1983). Any doubt as to the existence of a genuine issue of fact should be resolved against granting a motion for summary judgment. Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983).
After reviewing the pleadings, affidavit, and depositions, in the light most favorable to the parties opposing the motion for summary judgment, we conclude that the degree of care exercised by Kendrick; the adequacy of the signing and lighting of the intersection; the alleged improper use and alteration of the state-owned property including the placement of a security light which allegedly created the illusion that the Service Road extended beyond the intersection, present genuine issues of material fact which should be resolved on the merits. Accordingly, the summary judgments granted in favor of H & H Concrete and DOTD are reversed, and the actions against H & H Concrete, Hartford and DOTD are remanded to the district court for further proceedings.

NO CAUSE OF ACTION
Appellants allege that the trial court erred in maintaining the objection of no cause of action in favor of the City of Lake Charles. It is contended that the police officers, as agents of the city, owe a duty to protect an intoxicated driver from "the danger he presents to himself, by subsequently releasing him and permitting this still intoxicated driver, after release from arrest and custody, to return to her unimpounded car with keys in hand, and drive to her death."
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled.
Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence.
Haskins v. Clary, 346 So.2d 193, 194-195 (La.1977) (citations omitted). In order to determine whether plaintiffs' petition *870 states a cause of action, we must determine whether the L.C.P.D. breached any duty owed to Kendrick.
Upon determining that Kendrick had been driving while intoxicated, Kendrick was arrested and later released on bond as provided by La.C.Cr.P. art. 312. Kendrick could not constitutionally be detained after posting bond (La. Const. art. I, § 18), therefore, the breach of duty, if any, was in failing to impound Kendrick's vehicle or in allowing her to regain access to her vehicle while still intoxicated.
Any peace officer or state policeman may impound a vehicle which is operated by a person driving under the influence of alcohol. See La.R.S. 32:391 C and La.R.S. 32:392. Municipalities have the authority to adopt a traffic code. La.R.S. 33:1361 and La.R.S. 33:1368. The municipality may provide for the seizure or holding of a motor vehicle by a municipal police officer for the violation of any municipal traffic ordinance or regulation. La.R.S. 32:472.
We assume that the L.C.P.D. was not required by municipal ordinance to impound Kendrick's vehicle. The L.C.P.D. was not required by statute to seize Kendrick's vehicle. The duty to impound the vehicle, if any, was discretionary.
"[T]he mere fact that a duty is of a public nature, and benefits the general public, does not require a conclusion that the city cannot be found liable for the breach of that duty." Stewart v. Schmieder, 386 So.2d 1351, 1358 (La.1980). The duties of members of a city police department relate to its governmental function of maintaining public order. Tezeno v. Maryland Casualty Co., 166 So.2d 351 (La.App. 3d Cir.1964). When a public official breaches a duty which is owed to the public in general, such breach of duty generally does not result in liability to an individual. However, where a personal or individual relationship (one-to-one relationship) arises between the police officer and an individual, liability may be imposed for breach of a duty owed by the police officer to the individual. Serpas v. Margiotta, 59 So.2d 492 (La.App.Orl.1952). A duty owed to the public in general may be transformed into a duty owed to an individual through closeness in proximity or time. Once the personal or individual relationship has been established, the police officer then becomes obligated to conduct himself in such a way as not to cause the individual unnecessary injury. Tompkins v. Kenner Police Department, 402 So.2d 276 (La.App. 4th Cir.1981).
Plaintiffs have factually alleged in their petition that Kendrick was arrested for driving under the influence of alcohol; she was still under the influence of alcohol when bonded out; the L.C.P.D. allowed Kendrick to regain possession of her vehicle and drive it while still intoxicated. Plaintiffs further allege that the injury was foreseeable: the accident occurred approximately one and one-half hours after Kendrick's release; she was the driver of the vehicle; and she was allegedly intoxicated at the time of the accident. Accepting all well pleaded allegations of the petition as true, we conclude that plaintiffs have alleged facts sufficient to establish a personal or individual relationship between the L.C.P.D. and Kendrick, whereby the L.C. P.D. owed an individual duty to Kendrick to prevent her regaining access to and operating her vehicle while still intoxicated.
Since we have concluded that the well pleaded allegations of the petition allege the violation of a duty owed to a specific individual the judgment of the trial court maintaining the peremptory exception raising the objection of no cause of action is reversed, and the matter is remanded for further proceedings. Costs of this appeal in the amount of $180.00 are assessed against the City of Lake Charles Police Department, H & H Concrete, DOTD and Hartford.
REVERSED AND REMANDED.