CRAIN, Judge.
From a judgment granting summary judgment, the plaintiff appeals.
*493 FACTS
Gerald R. Borning was convicted of forgery in 1983. After his conviction his private counsel withdrew from the case. The trial court attempted to assign the Public Defender’s Office to represent him but the plaintiff refused to allow this, and eventually the plaintiff was allowed to represent himself in the appellate proceedings.
Because the plaintiff had no access to a law library, the trial court ordered the Public Defender’s Office to assist the plaintiff by providing requested materials and advice. This period of assistance lasted approximately two to four months and ended when the court order was withdrawn due to the plaintiff’s reassignment to a correctional facility with an extensive law library. After his appellate attempts proved unsuccessful, the plaintiff filed a civil action for malpractice against Frank J. Saia, former head of the Public Defender’s Office; his successor, David Price; Kathleen Stewart, an attorney with the Public Defender’s Office; and Lenetta B. Romar, a law clerk employed by the Public Defender’s Office. He alleged defendants failed to provide materials, forcing him to represent himself without proper research materials and causing him to file his appellate brief untimely.
The defendants filed a motion for summary judgment which was granted by the trial court.
ANALYSIS
A motion for summary judgment should be granted if the pleadings, affidavits and depositions show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. A summary judgment should not be granted on the likelihood that the mover will prevail on the merits.
Kendrick v. City of Lake Charles, 500 So.2d 866, 869 (La.App. 1st Cir.1986).
Summary judgment is not a substitute for trial on the merits_ In determining the genuineness of the issue, the courts are not permitted to consider the merits of the facts at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it.
Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542, 546 (La.App. 1st Cir.1983) (citations omitted).
“A reviewing court should consider the facts alleged by the party opposing the motion for summary judgment in the light most favorable to that party.... Any doubt as to the existence of a genuine issue of fact should be resolved against granting a motion for summary judgment.” Kendrick, 500 So.2d at 869.
After reviewing the facts alleged by the plaintiff in the light most favorable to him and the documentation supporting the motion for summary judgment, we affirm the judgment of the trial court.
The Public Defender’s Office did not have a duty to represent the plaintiff in the appellate review of his conviction. They were not appointed by the court nor was their representation solicited by the plaintiff. The plaintiff insisted on self representation.
If the court order to provide materials created a duty on the part of the Public Defenders Office, this duty was to obey the court order. This duty was owed to the court, not the plaintiff, even though the plaintiff was to benefit from the order. Failure to obey a lawful court order is more properly addressed by contempt proceedings, not an action for damages. La.C. C.P. art. 224, 225; La.R.S. 13:4611; Johns v. Johns, 471 So.2d 1071 (La.App. 3rd Cir.1985). We find that the defendant did not owe a duty to the plaintiff, therefore, there can be no damages for breach of duty.
The plaintiff has failed to set forth sufficient grounds to establish a cause of action in contract. First, the pleadings and affidavits establish without contradiction that there was no contract between plaintiff and the Public Defender’s Office. Secondly, even if a contract were assumed the record refutes the basis of plaintiff’s claim that he was damaged. In essence, the plaintiff blames the defendants because his *494 criminal appellate brief was not timely filed. We note that the plaintiff had four months to prepare his brief with access to a law library after the defendants had been relieved of the duty to provide materials. In addition, the Louisiana Supreme Court has remanded plaintiff’s criminal appeal back to the Court of Appeal. With this in mind there is no basis for plaintiff’s claim that he has suffered any damage.
We affirm the judgment of the trial court. All costs of this appeal are assessed against the appellant.
AFFIRMED.