567 So.2d 683 (1990)
Larry CHANCE, et al., Plaintiffs-Appellees,
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant.
No. 89-319.
Court of Appeal of Louisiana, Third Circuit.
September 20, 1990.
*684 Kenneth N. Simmons, Many, for plaintiffs/appellees.
Stafford, Stewart & Potter, Kay Michiels, Alexandria, for defendant/appellant.
Nelson Lee, Bunkie, Brittain & Williams, Joe P. Williams, Natchitoches, Wm. J. Aubrey, Lafayette, Mike Henry, Natchitoches, and Stassi, Rausch, Giordano, Joseph W. Rausch, Metairie, for defendants/appellees.
Before DOUCET, KNOLL and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether the trial judge erred in granting defendant's Motion for Summary Judgment.
On November 29, 1984, there was a three vehicle accident allegedly caused by a "washout" on the shoulder of State Highway 117 in Natchitoches Parish, Louisiana. As a result of this accident, two separate suits were brought against the State of Louisiana, through the Department of Transportation and Development (hereinafter DOTD). The two suits were consolidated in the trial court and remain consolidated on appeal.[1] The DOTD filed a third party demand against the Sheriff of Natchitoches Parish, Louisiana (hereinafter Sheriff) in each of these consolidated suits. These third party demands were later severed from the main demands. The DOTD settled with the original plaintiffs in each of the suits but pursued its third party demands against the Sheriff. The Sheriff filed a Motion for Summary Judgment seeking dismissal of each of the third party demands. The trial court granted each of these motions. A separate judgment was signed by the trial judge in each of the consolidated suits. Both judgments were timely appealed by the DOTD. We affirm.

FACTS
On November 29, 1984, a three vehicle accident occurred on State Highway 117 in Natchitoches Parish, Louisiana. The first vehicle involved in the accident left the traveled portion of the highway, went onto the shoulder, and hit a "washout". The driver of the first vehicle, after hitting the "washout", veered back onto the road, crossed the centerline, and hit an oncoming vehicle. This oncoming second vehicle then hit a third vehicle that was originally following the first vehicle.
Clarence Hall, the driver of the first vehicle sued several parties including the DOTD. In a separate suit, the family of Sharon Chance, who was the driver of the third vehicle and who was killed as a result of the accident, also sued the DOTD, as well as other parties. The Hall and Chance suits were consolidated, and the DOTD filed a third party demand in each suit against numerous defendants, including Sheriff Norman A. Fletcher, the Sheriff of Natchitoches Parish, Louisiana.
The DOTD's third party demand against the Sheriff alleges that Natchitoches Parish Deputies Stanley Broadway and Danny Hall observed the "washout" along the highway, while in the course and scope of their employment, shortly prior to the November 29, 1984 accident and failed to notify the DOTD of the washout or warn the traveling public. These third party demands *685 were then severed from the main demands, and the DOTD settled the claims of the original plaintiffs against it.
The third party defendant in the two consolidated suits, Sheriff Fletcher, then filed a Motion for Summary Judgment attaching the affidavits of Deputies Stanley Broadway, Danny Hall and Steven Childers, the Natchitoches Parish Sheriff's Department Radio Operator. The DOTD filed an opposition to the motion attaching all depositions taken in the case. An affidavit of Brenda Sowell, an employee of the DOTD, was also filed as part of the opposition.
After a hearing on the Motions for Summary Judgment and after reviewing the pleadings, affidavits, and depositions, the trial judge granted the motions and signed judgments dismissing the DOTD's third party demands in the consolidated suits. The DOTD timely appeals these judgments.

LAW
In Industrial Sand and Abrasives, Inc. v. L. & N. R. Co., 427 So.2d 1152 (La.1983), the Louisiana Supreme Court set out the criteria to be used in determining whether to grant a motion for summary judgment. This court, in Eldridge v. Bonanza Family Restaurant, 542 So.2d 1146 (La.App. 3 Cir. 1989), recognized this criteria and quoted the Supreme Court where we said:
"La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor `if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to the material fact, and that the mover is entitled to judgment as a matter of law.' The burden is on the mover to show that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits.
"To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated." (Citations omitted.) Eldridge v. Bonanza Family Restaurant, 542 So.2d 1146, at pages 1148-1149 (La.App. 3 Cir.1989), quoting Industrial Sand and Abrasives v. L & N R. Co., 427 So.2d 1152, at pages 1153-1154 (La.1983).
In this case, the DOTD argues that there is a dispute as to a material fact, that fact being whether or not the Sheriff, through his deputies, informed the DOTD of the washout. We agree that there is a dispute as to this fact. Both Deputies Broadway and Hall stated in their affidavits that they observed the "washout" sometime before the accident and that they radioed Deputy Steven Childers, the Radio Dispatcher for the Natchitoches Parish Sheriff's Department, reported the "washout", and requested that he notify the DOTD. Deputy Childers stated in his affidavit that he did notify the DOTD of the "washout" before the accident. The DOTD filed the affidavit of Brenda Sowell, a Clerk for the DOTD, who stated that the records of the DOTD reflect that no telephone call referring to Highway 117 was received from the Natchitoches Parish Sheriff's Office, including none from Deputy Childers, reporting the "washout".
It is clear that, after a review of the pleadings, affidavits, and depositions, there is a genuine dispute of fact as to whether or not the DOTD was informed by the Sheriff of the "washout". Nevertheless, this dispute is not a dispute as to a material fact if the deputies had no duty to inform the DOTD of the washout.[2]
*686 To be successful in a cause of action for negligence, it must be shown that defendant owed a duty to the plaintiff which he breached and that damage was sustained because of that breach. Pitre v. Opelousas General Hosp., 530 So.2d 1151 (La.1988); Zeagler v. Town of Jena, 556 So.2d 978 (La.App. 3 Cir.1990). The duty of police officers "has been established jurisprudentially and is essentially that of `maintaining peace and order, preventing and detecting crime, and enforcing the law...'". Zeagler v. Town of Jena, supra, at page 980, citing Tezeno v. Maryland Casualty Company, 166 So.2d 351 (La.App. 3 Cir.1964), and Smith on Behalf of Smith v. City of Kenner, 428 So.2d 1171 (La.App. 5 Cir.1983). This duty is owed to the public generally. Zeagler v. Town of Jena, supra.
In Zeagler, supra, this court recently gave a thorough discussion of the "public duty doctrine" and concluded that the general public duty owed by a policeman can only form the basis for recovery by a particular plaintiff if:
"(1) the policeman's general duty to the public was transformed into a duty owed to the plaintiff personally, due to the establishment of a one-to-one relationship through closeness in proximity or time, Kendrick v. City of Lake Charles, [500 So.2d 866 (La.App. 1 Cir.1986)]; Tompkins v. Kenner Police Dept., [402 So.2d 276 (La.App. 4 Cir.1981) ] or (2) a statute or ordinance setting forth the duty which is generally owed to the public, `indicates by its language, that the duty is designed to protect a particular class of individuals.' Stewart v. Schmieder, supra [386 So.2d 1351 (La.1980) ]." Zeagler v. Town of Jena, 556 So.2d 978, at page 981 (La. App. 3 Cir.1990).[3]
In the case at bar, there is no one-to-one relationship between the Sheriff, or his deputies, and the DOTD. An examination of the third party demand shows that the DOTD has made no allegation of the creation of a one-to-one relationship between it and the Sheriff and has pleaded no facts on which such a relationship could be found to exist. There was no contract, agreement, or any other circumstance present between the Sheriff and the DOTD on which a one-to-one relationship could be based.[4] Compare, Smith on Behalf of Smith v. City of Kenner, supra (holding that plaintiff's petition failed to state a cause of action where the facts alleged did not indicate a one-to-one relationship or a statutory duty).
No statutes or ordinances have been cited by the DOTD which indicate by their language that the general public duty of the Sheriff was designed to protect a particular class of individuals into which the DOTD falls.[5] The DOTD cites no policy, ordinance, or statute creating any "special duty" that the Sheriff owed the DOTD. See Zeagler v. Town of Jena, supra, at page 982. La.Const. Art. 5, § 27 and La. R.S. 33:1435 set out the statutory duties of the Sheriff. We find no constitutional or statutory duty on the part of the Sheriff or his deputies to inspect state highways or to report known hazards in or on the highways to the DOTD.
On the other hand, the DOTD has a specific statutory duty to:

*687 "[s]tudy, administer, construct, improve, maintain, repair, and regulate the use of public transportation systems and to perform such other functions with regard to public highways, roads, and other transportation related facilities as may be conferred on the department by applicable law." La.R.S. 48:21(A).
See also, La.R.S. 48:1(11).
The DOTD is under a duty to maintain safe highways and shoulders. La.R.S. 48:21 and 48:1(11). Robinson v. State Through Dept. of Transp. and Development, 454 So.2d 257 (La.App. 1 Cir.1984), writ den., 458 So.2d 122 (La.1984). This duty encompasses an obligation to have efficient and continuous systems of inspection of state highways, bridges, and shoulders. McCullin v. State Dept. of Highways, 216 So.2d 832 (La.App. 2 Cir.1968), writ ref'd, 253 La. 645, 219 So.2d 177 (1969).
The DOTD cannot seek indemnification from the Sheriff for a breach of a duty imposed on it by statute, absent a one-to-one relationship between it and the Sheriff established through contract[6] or by some other means, and absent a statute imposing such a duty on the Sheriff. We find that the trial judge did not err in granting the Sheriff's Motion for Summary Judgment as there is no genuine issue of material fact as to a duty being owed by the Sheriff to the DOTD in this case.
For these reasons, the judgment of the trial court is affirmed. All costs of the trial and appellate courts are taxed to the State, through the Department of Transportation and Development.
AFFIRMED.
NOTES
[1] Since the same facts and law are applicable in these two consolidated appeals they will be discussed in this opinion and a separate judgment will be rendered in the consolidated appeal. See Hall v. State of La., through the DOTD, 567 So.2d 683 (La.App. 3 Cir.1990), bearing Number 89-320 on the Docket of this Court rendered on September 20, 1990.
[2] We note that, in this case, the Sheriff is the proper party to attempt to hold vicariously liable for an alleged tort committed by a deputy sheriff. See Nall v. Parish of Iberville, 542 So.2d 145 (La.App. 1 Cir.1989), and cases and statutes cited therein.
[3] Kendrick v. City of Lake Charles, 500 So.2d 866 (La.App. 1 Cir.1986); Tompkins v. Kenner Police Dept., 402 So.2d 276 (La.App. 4 Cir.1981). Stewart v. Schmieder, 386 So.2d 1351 (La.1980) may well have been legislatively overruled by Act No. 453 of 1985 which is La.R.S. 9:2798.1. See Murchison, Local Governmental Law, 49 La.L. Rev. 491, 526-528 (1986).
[4] Counsel for the DOTD argues in brief to this court that the deputies voluntarily assumed a duty when they reported the "washout." This argument has no merit. If they assumed the duty, it was fulfilled when a report was made. However, any duty to the DOTD, which could possibly have been assumed, could not arise before a report was made by placement of the call, and DOTD denies such call was in fact made.
[5] We do not here consider the duty, if any, that the Sheriff may owe the traveling public. Such a duty would only arise in the presence of a one-to-one relationship or statute as described supra; however, such a discussion is beyond the scope of this case. The Sheriff is a third party defendant and the DOTD, a third party plaintiff; therefore, we consider no possible conduct which may have given the original plaintiffs a cause of action against the Sheriff. No such cause was asserted or claimed by the original plaintiffs. La.C.C.P. Arts. 1111-1116.
[6] There are cases holding that though the DOTD cannot escape its responsibility to an injured plaintiff by contracting with another governmental body or private concern for the maintenance of highways, the DOTD may be entitled to indemnification under such contract by way of third party demand. See Robinson v. State Through Dept. of Transp., 454 So.2d 257 (La. App. 1 Cir.1984), writ den., 458 So.2d 122 (La. 1984); Robertson v. Handy, 354 So.2d 626 (La. App. 1 Cir.1977), writ den., 356 So.2d 434 (La. 1978).