651 So.2d 962 (1995)
Robert E. MOORE and Betty Craddock Moore, Plaintiffs-Appellants,
v.
Clifton F. ESPONGE, Jr., et al., Defendant, and
James R. SAVOIE, Defendant-Appellee.
No. 94-1192.
Court of Appeal of Louisiana, Third Circuit.
March 8, 1995.
Writ Denied May 19, 1995.
*963 Michael Wright, Frank Alton Granger, Lake Charles, for Robert E. Moore et ux.
Clifton F. Esponge, Jr., et al., pro se, et al.
William Martin Hudson III, Edgar Dean Gankendorff, Lafayette, for James R. Savoie Sheriff.
Christopher M. Trahan, Lake Charles, for Sovereign Ins.
James Houston Morgan III, Baton Rouge, for Mid South Ins.
Sue Buser, New Orleans, for Hunter O. Wagner Jr.
Before PETERS, AMY and SULLIVAN, JJ.
SULLIVAN, Judge.
The issue presented by this appeal is whether the trial court properly granted summary judgment in favor of one of the defendants herein, James R. "Sono" Savoie, the Sheriff of Cameron Parish. For the following reasons, we affirm.

FACTS
This litigation arises out of a head-on collision of August 26, 1989, in Cameron, Louisiana. At approximately 5:49 that morning, a *964 Nissan pickup truck driven by Clifton Esponge, Jr. crossed the center line of La. Hwy. 27-82, striking an oncoming vehicle driven by Betty Craddock Moore. Moore and her husband subsequently filed suit against several defendants, including Esponge, who was allegedly driving while intoxicated after celebrating his twenty-first birthday; Esponge's passenger, Donald Hebert, who allegedly supplied the alcohol and encouraged Esponge to drive while intoxicated; James R. Savoie, the Sheriff of Cameron Parish; and two unnamed Sheriff's deputies. The claims against the Sheriff and his deputies were based upon the deputies' alleged failure to arrest Esponge after they had stopped him earlier that morning for driving while intoxicated.
On June 3, 1994, the Sheriff filed the instant motion for summary judgment, introducing into the record depositions of Deputies George Landry and Joe Gaspard and the station log of the Hackberry Police Station in Cameron Parish for the morning of August 26, 1989. The Sheriff contended that there existed no issue of material fact as to his liability because these exhibits established that Esponge was only a passenger in another vehicle that had been stopped some five (5) hours before the accident with Ms. Moore.
In his deposition, Deputy George Landry testified that he and Deputy Ronnie Swire were patrolling on the night in question when they stopped either a Camaro or a Trans-Am with Alabama license plates for either running a stop sign or cutting donuts in the sand at Holly Beach. The Hackberry Station log reflects that their unit, # 27, called in a routine traffic stop at 12:18 a.m. on August 26, 1989. Deputy Landry determined that the driver of the vehicle was Chad Benoit and that its sole passenger was Clifton Esponge, Jr. Because Benoit was not in possession of a valid driver's license, Deputy Landry asked Esponge to produce his license, whose number he radioed in to the dispatcher. The Hackberry Station log reflects that Unit # 27 called in Esponge's driver's license at 12:20 a.m.
Deputy Landry recalled that the dispatcher reported that a prior DWI arrest appeared on Esponge's driving record. However, the deputy could not remember if the dispatcher told him the date of the arrest nor could he recall if Esponge produced a pictured license or a temporary permit that morning. Later, it was revealed that Esponge's prior DWI arrest occurred a little over one (1) month earlier, on July 11, 1989.
Because he noticed the odor of alcohol while checking Esponge's license, Deputy Landry asked Esponge to perform a field sobriety test. The deputy determined that Esponge was intoxicated and, therefore, incapable of driving the vehicle. He then gave both Esponge and Benoit verbal warnings not to drive, but he allowed the unlicensed driver, Benoit, to drive the vehicle two (2) blocks to the nearest pay phone to call for help. Deputy Landry left the scene when he saw the two young men approaching the pay telephone. He testified that he was confident that they would heed his warning not to drive. He further stated that he had no reason to arrest Esponge because Esponge was only a passenger and at no time did Esponge drive in his presence. The station record reflects that Unit # 27 was back on patrol at 12:31 a.m., almost fourteen (14) minutes after the initial stop.
Deputy Joe Gaspard investigated the automobile accident with Esponge and Moore that occurred later that morning at approximately 5:49 a.m. Gaspard's accident report indicates that Esponge was driving a 1989 Nissan pickup truck with Donald Hebert as his passenger. After surveying the scene, Deputy Gaspard concluded that the accident occurred wholly in Moore's lane of travel. Later, the deputy issued two (2) tickets to Esponge, one for driving left of center and the other for DWI.
In response to the Sheriff's motion for summary judgment, the plaintiffs introduced the affidavit of Chad Benoit, who stated that Espongeand not Benoitwas driving when Deputy Landry stopped them. Benoit's affidavit, executed on June 24, 1994, contradicts the testimony of Deputy Landry as well as an earlier, signed statement that Benoit executed on August 25, 1990, at the request of Deputy Joe Gaspard.
*965 The Sheriff continued to urge his motion, in spite of Benoit's affidavit. At the hearing on the motion, the Sheriff argued that the disputed question of whether either Benoit or Esponge was driving at the earlier stop was immaterial because under the "public duty doctrine" any duty that his deputies may have had to arrest an intoxicated driver did not extend to plaintiff Betty Moore in the absence of a "one-to-one" or a personal relationship between the plaintiff and the deputies. The trial court agreed with this position and dismissed the plaintiffs' claims on this basis. The plaintiffs have appealed.

OPINION
Summary judgments are reviewed on appeal de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). An appellate court asks the same questions as the does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., 93-2512 (La. 7/5/94), 639 So.2d 730.
A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577 (La.1989). Simply put, a "material" fact is one that would matter on trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Smith supra, citing Sassone v. Elder, 626 So.2d 345 (La. 1993) and Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152, 1153-54 (La. 1983).
In the instant case, the affidavits and depositions on file clearly reveal a disputed fact as to whether or not Esponge was driving the vehicle that Deputy Landry stopped at 12:18 a.m. on August 26, 1989. This dispute, however, is not material if the deputy's duty to arrest Esponge was not owed to this particular plaintiff. See Chance v. State, through DOTD, 567 So.2d 683 (La.App. 3 Cir.1990).
The public duty doctrine, which the Sheriff relies upon in this appeal, has been criticized in Louisiana jurisprudence. See Stewart v. Schmieder, 386 So.2d 1351 (La.1980). The doctrine may have been legislatively overruled by La.R.S. 9:2798.1, which grants immunity to public entities and their officers or employees in the exercise of policy making or discretionary acts. See Persilver v. Louisiana Dept. of Transportation, 592 So.2d 1344, 1347, n. 2 (La.App. 1 Cir.1991); Brown and Anjier, Recent Developments Affecting Louisiana's Discretionary Function Exception: Will Louisiana Follow Gaubert? 53 La. L.Rev. 1488 (1993). Nonetheless, Louisiana appellate courts have continued to apply the public duty doctrine in analyzing the conduct of law enforcement officers. See Hopkins v. Sovereign Fire & Casualty Ins. Co., 626 So.2d 880 (La.App. 3 Cir.1993), writ denied, 94-0145 (La. 3/11/94), 634 So.2d 390; Guidry v. Airport Authority for Airport District No. 1 of Calcasieu Parish, 558 So.2d 300 (La. App. 3 Cir.1990); and Nichols v. Nichols, 556 So.2d 876 (La.App. 2 Cir.), writ not considered, 561 So.2d 92 (La.1990). The most recent expression of our supreme court on this subject is found in Fowler v. Roberts, 556 So.2d 1 (La.1989), where the opinion on original hearing as supplemented on rehearing suggests that the public duty doctrine is still to be considered within the context of the duty/risk analysis.
In Mathieu v. Imperial Toy Corp., 94-0952 (La. 11/30/94), 646 So.2d 318, the supreme court reiterated the following four-prong inquiry of the duty/risk analysis:
(1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
(2) Did the defendant owe a duty to the plaintiff?
(3) Was the duty breached?
(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
In order for the plaintiff to recover, all four inquiries must be answered affirmatively. Mathieu, supra. In the instant case, resolving momentarily any factual disputes in favor of the plaintiffs and indulgently treating *966 the plaintiffs' offerings, as we must on summary judgment, we nonetheless conclude that plaintiff, Betty Moore, has failed to show, under the particular facts of this case, the existence of a duty extended for her protection.
A police officer's duty to make arrests is owed to the general public and not to individuals. Fusilier v. Russell, 345 So.2d 543 (La.App. 3 Cir.), writ denied, 347 So.2d 261 (La.1977). Under the public duty doctrine, a governmental agency is freed from liability for an otherwise actionable offense if the offense is a breach of a duty owed to the general public; conversely, the agency is not freed from liability if the duty is owed to a particular class of individuals. Guidry, supra. A duty owed to the public in general may be transformed into a duty owed to an individual through closeness or proximity in time. Kendrick v. City of Lake Charles, 500 So.2d 866 (La.App. 1 Cir.1986). The existence of a duty and the scope of liability resulting from a breach of that duty must be decided according to the facts and circumstances of the particular case. Fowler, supra, at p. 7.
In Fusilier, supra, this court declined to impose liability on the Sheriff for the failure of two deputies to arrest a visibly intoxicated bar patron who, unbeknownst to the officers, got into a vehicle and within ten minutes caused an accident which severely injured the plaintiff. We found that the plaintiff in Guidry was unable to prove facts which showed that the deputies owed to him a special duty outside of one owed to the general public.
Such a "special duty" was found in Kendrick, supra, where the plaintiff alleged that the police permitted his wife, who had been arrested for DWI and had bonded out, to gain access to her vehicle while she was still intoxicated. Two hours after her release, the woman drove her vehicle head-on into a parked car and was killed. In Kendrick, the first circuit found that a "one-to-one" or personal relationship developed between the police and the arrestee, and once that relationship was established, the police were then obligated to behave so as to not cause the individual unnecessary injury.
Since we are not permitted to weigh the offerings of either side on a motion for summary judgment, we must resolve any disputed issues in favor of the non-mover. This requires us to accept as true Benoit's statement that Esponge was the driver of the vehicle that Deputy Landry stopped. This fact, combined with Deputy Landry's statement that he conducted a field sobriety test and determined that Esponge was intoxicated, presents an admittedly closer scenario than the facts of Fusilier, where the deputies never observed the intoxicated defendant enter an automobile, nor did they know that he had access to a car.
However, Fowler, supra, directs that we consider all the facts and circumstances of the particular case in determining both the existence of a duty and the scope of liability resulting from a breach of that duty. After reviewing the undisputed facts of this case, we find that the breach of any duty that Deputy Landry may have owed to the motoring public for his failure to arrest Esponge did not extend to the injuries sustained by Mrs. Moore.
It is undisputed that at least five (5) hours had elapsed between the time of the initial stop of Esponge on Holly Beach and the accident with Mrs. Moore in Cameron. It is undisputed that Esponge was driving another vehicle with another passenger at the time of the accident. It is also undisputed that neither Esponge nor Benoit drove away from the scene of the initial stop; rather, they heeded Deputy Landry's verbal warning not to drive and had someone else transport them from the scene.
In Guidry, supra, this court refused to hold the Lafayette Airport Authority liable for the conduct of two deputies in their treatment of an intoxicated airport employee. The first deputy, upon seeing the employee passed out in a parking lot, placed the employee in his car and took the keys. The second deputy, some two and a half hours later, returned the keys to the employee, who then went to a liquor store, consumed more alcohol and injured himself in an accident. We specifically noted that the second deputy could not have known that the employee *967 would drive straight to a store to buy and consume more alcohol. Here, Deputy Landry could not have known that five (5) hours later Esponge would still be intoxicated and, in another vehicle with another passenger, would cause an accident. When Deputy Landry left the scene, he was confident that Esponge would heed his verbal warning not to drive, and in fact Esponge did so.
For these reasons, we find that the trial court did not err in granting summary judgment in favor of James R. Savoie, the Sheriff of Cameron Parish. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.