733 So.2d 1236 (1999)
Dlaine THOMAS, et al.
v.
GALLANT INSURANCE COMPANY, et al.
No. 99-C-0126.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1999.
*1237 Warren S. Edelman, Law Offices of Erny & Garcia, Metairie, Louisiana, Counsel for Relator Twin City Fire Ins. Co., Etc.
Sidney W. Degan, III, Degan, Blanchard & Nash, New Orleans, Louisiana, Counsel for Respondent Board of Commissioners of the Orleans Parish Levee District.
Cornelia S. Ullmann, Law Offices of John J. Lee, Jr., New Orleans, Louisiana, Counsel for Respondents Dlaine and Lester Thomas.
David M. Cambre, Lozes & Cambre, New Orleans, Louisiana, Counsel for Respondent Audubon Ins. Co.
Albert C. Miranda, LeBlanc, Miranda & deHaup, Metairie, Louisiana, Counsel for Relator The Hartford Ins. Co.
Court composed of Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS, Sr.
BYRNES, Judge.
We grant writs in order to review the denial of a motion for summary judgment on a question of insurance coverage. An abbreviated fact statement is sufficient at this stage of the proceedings. Suffice it to say that Levee District police were called to subdue a Mr. Brian Subatich who was armed and behaving in a threatening manner. During the process of attempting to subdue Mr. Subatich, Mr. Subatich managed to jump into a levee district police vehicle that had been left idling. Subatich sped off in the vehicle whereupon he was involved in a head-on collision with the plaintiffs. Plaintiffs filed suit, naming as defendants Brian Subatich and his insurer, Gallant Insurance Company, the Board of Commissioners for the Orleans Levee District, the Board of Supervisors of Louisiana State University, the University of New Orleans Police, the City of New Orleans, and certain unidentified insurers alleged to insure each of the defendants. The Orleans Levee District filed a thirdparty demand against several insurers, including Twin City Fire Insurance Company, the relator in the instant case. Twin City moved for summary judgment, denying coverage based on certain exclusions in the Commercial General Liability policy it issued to the Orleans Levee District. The trial court denied Twin City's motion and Twin City applied to this Court to review that denial. Oppositions to Twin City's application were filed by the plaintiffs, the Orleans Levee District and Audubon Insurance Company.
Plaintiffs filed a motion to strike the policy and various other documents for lack of proper certification and attestation as required by LSA-C.C.P. art. 967. First, we note that annexed to the copy of the policy submitted by Twin City is an affidavit of attestation sufficient to meet the requirements of LSA-C.C.P. art. 967. Secondly, as to the other documents objected to plaintiffs in their motion to strike, we find that they are not relevant to the disposition of this writ application. Accordingly, we deny the motion to strike as to the policy, and do not consider it as to the other documents as the other documents did not enter into the deliberations of this Court.
It is undisputed that the key allegations upon which coverage is asserted are to be found in paragraph eight of plaintiffs' petition:
a. Allowing defendant Subatich to take a police car;
b. Failing to properly subdue, secure, control and arrest Subatich;
c. Failing to properly control, secure and supervise at least one crime scene;
d. Failing to properly train, instruct, supervise and monitor their respective employees in handling *1238 public events, securing police cars, subduing, controlling and arresting threatening persons, maintaining a crime scene;
e. Failing to control the vehicle(s) in their care, custody or control; and
f. Any other cause which may be shown at the trial of this matter.
Exclusion "g" under the "Exclusions" section of the Twin City policy excludes:
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "aircraft," "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
Among the endorsements to the policy is an exclusion for "Law Enforcement Activities":
It is agreed that this policy does not apply to "bodily injury," "property damage" or "personal injury" arising out of any law enforcement activity by any insured whether acting alone or jointly with any other insured or any other person or organization ...
It is because the actions complained of appear at first glance to fall under one or both of the above exclusions, that this Court decided to consider this matter in greater depth.
Summary judgments are now favored. LSA-C.C.P. art. 966 A(2). If the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements to the adverse party's claim, action or defense. LSA-C.C.P. art. 966 C(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
Subject only to the above caveat, the burden of proof remains with the mover. Id. Twin City's motion for summary judgment was not predicated on a lack of duty or causation by its insured. Rather, the effect of Twin City's motion was to concentrate all of its argument and evidence on characterizing the damages as arising entirely out of automobile use or law enforcement activities or both, thereby falling under the above quoted policy exclusions. We construe insurance policy provisions liberally in favor of coverage in contrast to exclusions which are to be strictly construed. These rules of policy construction are so well established as to no longer require citation to authority.
The plaintiffs listed a number of alleged acts of negligence in paragraph eight of their petition quoted earlier, any one of which could form the basis of recovery if a duty and a causal connection can be established at a trial on the merits. Because Twin City's motion offered nothing on the issues of duty and causation, the plaintiffs allegations need raise only one such issue that falls outside of the automobile and law enforcement exclusion in order to defeat relator's motion for summary judgment.
In this regard, the training of law enforcement personnel is not necessarily a law enforcement activity. Accordingly, the failure to "properly train" might be provable as an act of negligence independent of the law enforcement activities involved in the direct encounter with Subatich. Le-Jeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978); Smith v. U.S.A.A. Casualty Ins. Co., 532 So.2d 1171 (La.App. 4 Cir. 1988); Gedward v. Sonnier, 97-1068 (La. App. 3 Cir. 5/20/98); 713 So.2d 770. Therefore, we cannot conclude as a matter of law that the failure to "properly train" necessarily falls under either exclusion in the Twin City policy.
The only other summary judgment avenue for escape for Twin City would be to *1239 show a lack of factual support for the existence of a duty, a breach of that duty, or causation on the part of its insured, the Orleans Levee District. As the failure by the plaintiffs to establish any one of these elements of its case would be fatal at a trial on the merits, all Twin City need do under LSA-C.C.P. art. 966 C(2) is show the lack of a factual basis of any of these elements in order to shift the burden to the plaintiffs.
Concerning the question of duty, we take cognizance as a matter of law of the "public duty" doctrine, which relieves a governmental agency from liability to a specific individual for a breach of a duty owed to the general public. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323; Keys v. Broussard, 96-1379 (La.App. 3 Cir. 3/5/97); 692 So.2d 596; Kendrick v. City of Lake Charles, 500 So.2d 866 (La.App. 1 Cir. 1986); Ardoin v. City of Mamou, 96-54 (La.App. 3 Cir. 11/20/96); 685 So.2d 294; Moore v. Esponge, 94-1192 (La.App. 3 Cir. 3/8/95); 651 So.2d 962, writ denied, 95-0907 (La.5/19/95); 654 So.2d 696. However, a duty owed to the public generally may be transformed into a duty owed to an individual through closeness or proximity in time. Townley; Moore and Kendrick, supra. The existence of a duty and the scope of liability resulting from a breach of that duty must be decided according to the facts and circumstances of the particular case. Townley; Keys and Moore, supra. The primary role of police departments is to prevent crime and to catch criminals. Townley and Keys. It is also to preserve peace and order. Keys.
As the primary role of police departments is to prevent crime and catch criminals, and as the alleged failure to properly train relates to a failure to properly effect the arrest and retention of Subatich; and as the proximity of the relationship in time and space between the alleged breach of the duty and the resulting damages to the plaintiff are particularly fact intensive, we are unable at this stage of these proceedings as a matter of law to rule out the possibility that a duty owed to the general public was transformed into a duty owed to these particular plaintiffs. Twin City has offered nothing that would enable this Court to resolve these factual issues at this time.
Section 3 of Act 483 of 1997 states that the purpose of the Act is "to legislatively overrule" all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied 97-0281 (La.3/14/97), 690 So.2d 41. An issue is genuine if reasonable persons could disagree. Hayes. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on the merits. Id. Now the supporting documents submitted by the parties should be scrutinized equally. Id. The overriding presumption in favor of trial on the merits is removed. Id. The fact that Act 483 of 1997 declared that summary judgments are favored has not changed the fact that the initial burden of proof remains with the mover. The mover must make a prima facie showing in order to shift the burden to the non-moving party to show that material factual issues remain. Id. In the instant case Twin City has failed to make a prima facie showing on the question of training that would enable this Court to conclude as a matter of law in the absence of countervailing proof by the respondents that either there was no causation, or, that if a training duty was breached, the duty was to the public in general and not to these particular plaintiffs.
Accordingly, although the burden will be on the plaintiffs to establish each of these elements at a trial on the merits, Twin City has failed to shift that burden to plaintiffs at this stage of the proceedings. Therefore, the plaintiffs are entitled for the time being to rest on their mere allegations in this regard. The fact that when the burden does ultimately shift to the plaintiffs at a trial on the merits, the plaintiffs may have a difficult time establishing *1240 each of these essential elements, is not a sufficient basis for granting Twin City's motion for summary at this time.
For the foregoing reasons, we granted the application for writs, but deny relief and remand.
WRIT GRANTED; RELIEF DENIED; REMANDED.