553 So.2d 994 (1989)
John C. MARTIN
v.
NEW ORLEANS PUBLIC SERVICE INC., Louis Casimere and Casualty Reciprocal Exchange.
Herman L. ARMOUR, et al.,
v.
CITY OF NEW ORLEANS, et al.
Nos. 89-CA-0128, 89-CA-0129.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
Raymond C. Burkart, Jr., New Orleans, for plaintiff-appellant.
Caleb H. Didriksen, New Orleans, for N.O. Public Service and Louis Casimere.
Francis A. Accardo, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for Casualty Reciprocal Exchange.
Okla Jones, II, City Atty., Val Scheurich, III, Deputy City Atty., William D. Aaron, Chief Deputy City Atty., Philip A. Costa, Deputy City Atty., New Orleans, for City of New Orleans.
Before BYRNES, ARMSTRONG and PLOTKIN, JJ.
*995 PLOTKIN, Judge.
Plaintiff John C. Martin appeals a trial court judgment in favor of New Orleans Public Service Inc. (NOPSI). We affirm.
FACTS:
Martin, a New Orleans Police officer, was involved in an automobile accident with a vehicle driven by Vearnice Armour at the intersection of St. Bernard and North Derbigny on May 10, 1983. A NOPSI bus was stopped on St. Bernard at the corner of North Derbigny at the time the accident occurred. Martin filed suit against a number of defendants, including Mrs. Armour and NOPSI. Mrs. Armour also filed suit, naming Martin, the New Orleans Police Department and the City of New Orleans, among others, as defendants. The suits were consolidated, but Mrs. Armour settled all claims prior to trial. The only issue remaining to be tried was NOPSI's alleged liability to Martin in causing the accident.
The case was tried by a commissioner, who found, after a two-day trial, that Martin had failed to prove that NOPSI was negligent in any way in causing the accident. The trial court adopted the commissioner's factual and legal findings. Martin appealed the conclusion that NOPSI was not negligent, as well as several other factual findings. He also alleges several procedural errors committed by the plaintiff which prejudiced his case.
Martin's action against NOPSI was based on his contention that the driver of the bus stopped at the corner at the time of the accident waved Mrs. Armour into the "intersection prior to the collision. The intersection where the accident occurred is unusual. North Derbigny intersects St. Bernard some 43 feet south of an exit from Interstate 10. A stop sign controls the traffic on North Derbigny. A traffic signal located at the interstate exit controls the traffic in both directions on St. Bernard. A dispute exists concerning whether a sign existed on St. Bernard, instructing eastbound vehicles to "stop here on red," before crossing North Derbigny.
Martin testified that he was driving a police vehicle southbound on St. Bernard when he noticed a bus stopped or parked in the far right-hand lane of the street in front of the church building which now serves as a commodities distribution center at the corner of St. Bernard and North Derbigny. He stated that he was travelling 25 to 30 mph when he noticed that the traffic light at the interstate exit was red. He stated that he started braking the vehicle, until the light turned green just as he reached the back of the bus, when he moved his foot off the brake. He claimed that he noticed the driver of the bus making a sweeping motion with his hand as he was passing the bus and that he asked his partner, Guy Naquin, what the driver was doing. Martin stated that the Armour vehicle entered the intersection immediately after he noticed the driver's action, but that the bus had blocked his view until that moment. He stated that he stepped on his brakes but was unable to avoid skidding into the car. Martin's testimony was corroborated both by Naquin and by Wellington Beaulieu, another New Orleans Police officer who was driving directly behind Martin at the time of the accident.
However, the police officers' version of the story differs dramatically from the version told by Mrs. Armour and other defense witnesses. Mrs. Armour testified that she stopped at the stop sign on North Derbigny and waited for the red light controlling traffic on St. Bernard to change to red. She said that when the light turned red, the bus and several cars stopped in the right traffic lane at a sign that said "stop here on red" located before North Derbigny. Mrs. Armour stated that she then moved into the intersection, where Martin's police vehicle struck her car as she was making the left-hand turn. She stated specifically that she did not see the bus driver make any signal. Mrs. Armour's testimony was corroborated by her mother, Sarah Johnson, a passenger in the car at the time of the accident, and the bus driver, Louis Casimere, who denied waving or making any signal to Mrs. Armour.
Liability of NOPSI for Waving or Signalling
When a plaintiff alleges that a defendant negligently waved or signalled *996 to indicate a motorist that the way is clear for the driver to cross, he must prove the following: (1) that the defendant did indeed make a signal for the motorist to cross, (2) that the defendant intended to convey that he had checked for traffic, (3) that the defendant intended to indicate that it was entirely safe to cross the street, (4) that the motorist reasonably relied on the signal in decided to cross and (5) that these circumstances, taken as a whole, caused the accident. The trial court, after hearing the testimony in this case, concluded that the plaintiff had failed to establish any negligence on the part of NOPSI which was a causal factor in the accident. After our review of the record, we find no manifest error in the trial court's conclusion. In its latest pronouncement on the subject of appellate review of trial court decisions, the Louisiana Supreme Court stated as follows:
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inference are as reasonable.
Rosell v. Esco, 549 So.2d 840 (La.1989). (Citations omitted.).
As the fact section indicates, the testimony in the instant case is definitely conflicting. Therefore, we must give great deference to the trial court's "reasonable evaluations of credibility and reasonable inferences of fact." Id. The trial court obviously believed that the defendant's witnesses were more credible than the plaintiff's witnesses. Our review of the record indicates that that conclusion was reasonable. Likewise, the inferences of fact made by the trial court were also reasonable.
Because of our decision on the liability issue, discussion of the pre-trial and procedural errors alleged by the plaintiff is pretermitted. Our review of the record convinces us that any errors committed by the trial court are insufficient to require reversal and were harmless errors.
For the above and foregoing reasons, the judgment of the trial court in favor of defendant NOPSI is affirmed and all costs are assessed to appellant.
AFFIRMED.