736 So.2d 923 (1999)
Roxanne DAIGREPONT, Plaintiff-Appellee-Appellant,
v.
AAA TRANSPORTATION COMPANY, et al., Defendants-Appellants-Appellees.
No. 98-1329.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
*924 James Taylor Bennett, Marksville, for Roxanne Daigrepont.
James A. Bolen, Jr., Alexandria, for AAA Transportation Co., et al.
Jeffrey John Warrens, Baton Rouge, for La. Workers Comp. Corp.
Russell L. Potter, Alexandria, for Ratcliff Construction Co.
Arthur I. Robison, Lafayette, for Custom Rock International.
BEFORE: DOUCET, C.J., THIBODEAUX, and WOODARD, Judges.
WOODARD, Judge.
In this suit for personal injury, Ms. Roxannee Daigrepont (as spelled by her in the accident report) was injured while working as a valet at Grand Casino of Avoyelles (casino) in Marksville, Louisiana, following a chain of events involving Mr. John R. *925 Bordelon, a truck driver for AAA Transportation Company (AAA). Mr. Bordelon was directed to deliver fiberglass rocks to construction companies, Custom Rock International (CRI) and Ratcliff Construction Company (Ratcliff), at the Casino's front entrance. While he attempted to do so, he drove into an overhead cable which snapped and struck Ms. Daigrepont's face.
Ms. Daigrepont filed a petition against AAA. The Casino's workers' compensation insurer, Louisiana Workers' Compensation Corporation (LWCC), intervened in the litigation on September 5, 1995, seeking to recoup the workers' compensation benefits paid to Ms. Daigrepont as a result of the accident. Pursuant to an incidental demand filed by AAA on December 13, 1995, CRI was joined as a third-party defendant. On June 16, 1997, the trial court granted Ms. Daigrepont's motion to amend her petition, adding CRI, Ratcliff, and Mr. Bordelon, as additional defendants. The trial court granted CRI's and Ratcliff's motions for summary judgment. We affirm.

FACTS
Ms. Daigrepont was injured on August 23, 1995 while in the course and scope of her employment as a valet at the casino. Mr. John R. Bordelon, employed as a truck driver by AAA, was ordered to deliver fiberglass rocks which were to be installed inside the casino. Once he arrived at the casino, he drove to the loading dock located in the back. There, the casino's receiving clerk (the clerk) indicated that construction companies, namely CRI and Ratcliff, requested that the rocks be delivered at the front entrance so that the workers would not have to carry the rocks all the way from the back to the front of the casino where the rocks would be used. The clerk asked Mr. Bordelon to pull his truck underneath the front door's canopy. When Mr. Bordelon inquired whether his truck could fit under the canopy, the clerk assured him that it could, and that trucks were frequently unloading there.
Mr. Bordelon proceeded to the front of the casino with his truck-trailer combination. He advanced toward the canopy and did not notice anything which could keep him from driving underneath it. He then drove forward about eight to ten feet underneath the canopy toward the front door but had to stop because departing people were loading into a van. At that time, he did not get out of his truck to check whether he would encounter any obstacles to the truck's overhead clearance but looked through the truck's back window. As he looked toward the casino's front entrance, he noticed eight to ten construction workers wearing hard hats, standing by the front door. The van departed and, before Mr. Bordelon resumed his path toward the front door, a person with a hard hat (the waver) attempted to guide him through. The truck did not even move a foot before a he heard a "bang." The truck had just struck a cable where a banner used to hang. Consequently, the cable had snapped and struck Ms. Daigrepont's right cheek. Mr. Bordelon exited his truck to inquire about her condition. At that time, the waver told him that he did not see the cable and joined other workers to unload the truck.
Ms. Daigrepont filed a petition in March of 1995, naming AAA as the defendant. On June 16, 1995, the trial court granted her motion to amend her petition to add CRI, Ratcliff, and Mr. Bordelon as defendants. Arguing that the petition did not establish the waver's identity or employment connection with a construction company, CRI, on June 28, 1996, and Ratcliff, on August 1, 1997, moved for summary judgment. The trial court reasoned that the possible presence of a waver created a genuine issue of material facts and dismissed their motions.
Subsequently, pursuant to Mr. Bordelon's deposition taken in December 23, 1997, CRI and Ratcliff filed motions for summary judgment, now claiming that there was no genuine issue of material fact regarding their liability in the accident. *926 Following the hearing held on June 18, 1998, the court granted the motion for summary judgment, dismissing CRI and Ratcliff from the suit. AAA and Ms. Daigrepont appeal.

LAW
AAA asserts that the trial court erred in granting CRI's and Ratcliff's motions for summary judgment and in holding that there is no genuine issue of material fact and that CRI and Ratcliff are entitled to judgment as a matter of law, dismissing those parties from the suit.
Before proceeding with the merit of the arguments, we dismissed Ms. Daigrepont's appeal on December 8, 1999 for failure to timely file a brief within the period of time provided by Rule 2-12.7 of the Uniform RulesCourts of appeals.

MOTION FOR SUMMARY JUDGMENT
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
AAA argues that in a motion for summary judgment, the court should view the facts underlying the motion in the light most favorable to the opposing party. We disagree. The law of summary judgment, implemented in La.Code Civ.P. art. 966, was amended by Act No. 9 of the First Extraordinary Session of 1996. In 1997, the legislature amended La.Code Civ.P. art. 966 to overturn, legislatively, jurisprudence inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691. In Hayes, we found that the legislature overruled the presumption against the grant of summary judgment. We stated that the amendment "leveled the playing field" by removing the overriding presumption in favor of a trial on the merits and by equally scrutinizing the supporting documents submitted by the mover and non-mover. Furthermore, La. Code Civ.P. art. 966 now provides, in pertinent part, that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish those ends." In other words, summary judgment is favored and shall be applied liberally. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323. It is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
La.Code Civ.P. art. 966, as amended, charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at issue. Such a burden is not unlike that assigned to the moving party before the amendments. Townley, 702 So.2d 323. Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden to produce evidence shifts to the nonmover.
The amendments to La.Code Civ.P. art. 966 heightened the nonmover's burden to rebut the showing made by the mover of the non-existence of a genuine issue of material fact. Townley, 702 So.2d 323. The nonmover must sufficiently establish the existence of an essential element of his claim on which he is to bear the burden of proving at trial. Id. Furthermore, La. Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on *927 the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. Kumpe v. Louisiana, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-0050 (La.3/13/98); 712 So.2d 882. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Id. Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. Id.
A fact is "at issue" when there may be any reasonable doubt as to its existence. Dinger v. Shea, 96-448 (La.App. 3 Cir. 12/11/96); 685 So.2d 485. It is material if it determines the outcome of the legal dispute. Soileau, 702 So.2d 818. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. Soileau, 702 So.2d 818.
In the instant case, AAA asserts that CRI and Ratcliff are, at least, comparatively negligent in Ms. Daigrepont's injury. In such a case, the determination of a party's liability is tested under the requirements of the duty risk analysis, pursuant to which the plaintiff must prove that (1) the defendant's conduct was a cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to the plaintiff; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached. Stroik v. Ponseti, 96-2897 (La.9/9/97); 699 So.2d 1072. All four inquiries must be answered, affirmatively, in order for the plaintiff to recover. Mathieu v. Imperial Toy Corp., 94-952 (La.11/30/94); 646 So.2d 318.
On the other hand, CRI and Ratcliff assert that the trial court did not err in granting the motion for summary judgment because the actions of the waver were not a cause-in-fact of the accident.
Whether a party's act was a cause-in-fact is the initial inquiry to determine if that party may be liable under the duty-risk analysis. Cay v. State, DOTD, 93-887 (La.1/14/94); 631 So.2d 393. The defendant's conduct does not have to be the sole cause of the harm, but it must be a necessary antecedent for a finding of liability; it is essential to an assessment of liability. Theriot v. Lasseigne, 93-2661 (La.7/5/94); 640 So.2d 1305.
An action is the cause-in-fact of an injury, if it is a "substantial factor" in bringing about the harm. Edwards v. Horstman, 96-1403 (La.2/25/97); 687 So.2d 1007; Foster v. ConAgra Poultry Co., 95-793 (La.App. 3 Cir.); 670 So.2d 471, writ denied, 96-0645 (La.4/26/96); 672 So.2d 674. For example, the act is a cause-in-fact in bringing about the injury when the harm would not have occurred without it.
Whether or not an action is the cause-in-fact of the harm is essentially a factual determination that is usually left for the fact finder. Theriot, 640 So.2d 1305. It may be disposed of by summary judgment when no reasonable minds could differ regarding the uncontested facts. Nicholson v. Calcasieu Parish Police Jury, 96-314 (La.App. 3 Cir. 12/11/96); 685 So.2d 507. If the mover proves that under the undisputed facts, the action could not reasonably be the cause-in-fact of the harm, summary judgment should be granted unless the nonmover sets forth genuine issues of material fact.
In the case sub judice, AAA's sole issue is that the trial court erred in granting CRI and Ratcliff's summary judgment *928 because the waver's actions in directing Mr. Bordelon's truck toward the casino's front entrance were a cause-in-fact of Ms. Daigrepont's resulting injury. We disagree.
In his deposition taken on December 23, 1997, Mr. Bordelon conveyed his intention to pull all the way through the canopy to the entrance door, with or without the help of the waver. However, once he was underneath the canopy, he had to stop short of the entrance because a van obstructed his path. He agreed that it was just blind luck that he had missed the cable by a foot at that point. Furthermore and more importantly, he acknowledged that he had not relied on the waver's directions to ensure that the overhead clearance was sufficient.
Accordingly, AAA has failed to meet, at the least, the fourth prong of the five prong test enunciated in Lennard v. State Farm Mut. Auto. Ins. Co., 26,396 (La.App. 2 Cir. 1/25/95); 649 So.2d 1114 and Martin v. New Orleans Pub. Serv., 553 So.2d 994 (La.App. 4 Cir.1989), for holding a waver liable; namely that "the motorist reasonably relied on the signal (of the waver) in deciding to [act.]"
In its reason for judgment, the trial court stated, in relevant part:
Mr. Bordelon realized his obligation and his duty to be sure of overhead safety, on the day that he was driving the vehicle under the canopy of the Casino. He did not detrimentally rely upon this phantom waiver (sic) that was supposed to be a construction worker; and he readily admits that; he readily was aware of his obligation, as far as safety, to those around him. And, his decision to proceed forward was not based upon the fact that someone was waiving him on. He made his own mind up.
. . . .
In summary, this court finds that the driver's decision to traverse the canopy area, was his own decision. I feel that the Motions for Summary Judgment, in lights of the Amendments, and in light of the deposition and the new evidence that's been presented to this court, are well founded. I do not find that the actions of the alleged construction worker played any part whatsoever in contributing or causing the accident that occurred at the Casino on the date in question. I do not believe that the actions of the alleged waiver (sic)were a cause in fact. I do not think that there is a material issue of fact concerning this issue of the case.
(Emphasis added.)
Because AAA does not allege any facts rebutting Mr. Bordelon's testimony, we agree with the trial court that there is no genuine issue of material fact remaining regarding the waver's involvement in the cause of the accident. The record clearly shows that there is no genuine issue of material fact that waver's action was a substantial factor in Ms. Daigrepont's injury. Thus, the waver's intervention is not relevant to CRI's and Ratcliff's liability.
AAA argues that the trial court misunderstood Mr. Bordelon's statements as an admission to sole liability. Nevertheless, in arguing the same, AAA does not point to any fact in the record which establishes genuine issues of material fact regarding CRI's and Ratcliffs liability. When Mr. Bordelon described the circumstances surrounding the accident, he stated that the casino's receiving clerk told him to pull under the canopy and assured him that there was sufficient clearance and it was impossible to see the cable because the casino's front entrance was dark. At best, these factors may point to a potential liability concerning the casino but not concerning the movers' liability.
Finally, AAA argues that CRI and Ratcliff should be allocated some fault for requesting that Mr. Bordelon unload the rocks in the front of the casino, instead of the loading docks, and that the front of the casino was an unfamiliar area for Mr. Bordelon to discharge his load. We find no merit in this argument. La.Code Civ.P. *929 art. 967 requires that a party opposing a motion for summary judgment set forth specific facts showing that there is a genuine issue for trial. In doing so, it cannot rely on the bare allegations of its pleadings but must respond by affidavit detailing facts that show the existence of a genuine issue of material facts. Phillips Petroleum v. Liberty Serv., 97-758 (La. App. 3 Cir. 12/10/97); 704 So.2d 890. After carefully reviewing the entire record, we are unable to find any such fact supporting AAA's allegations and establishing some genuine issue of material fact regarding the movers' negligence.

CONCLUSION
For the foregoing reasons, we affirm the trial court's grant of CRI's and Ratcliff s motion for summary judgment.
AFFIRMED.