1JAMES F. McKAY, III, Judge.
The defendants, Marlene Maher and Illinois Founders Insurance Company, appeal the judgment of the trial court finding *302 Marlene Maher to be negligent and assessed to her 100% fault.
The plaintiffs were traveling east on South Carrollton Avenue when their vehicle was struck by the defendant, Marlene Maher, as she was to attempting to cross the intersection at Baudin Street. The plaintiffs sustained injuries as a result of this accident and filed the instant suit. On June 13, 2000, the trial court found in favor of the plaintiffs and assessed 100% fault to the defendant. The judgment was in favor of the plaintiffs, State Farm Mutual Automobile Insurance Company in the amount of $8,154.74, Jerlin Woodard in the amount of $9,952.13 and Debbie Blue, individually and on behalf of her minor son, Gerald Blue, Jr., in the amount of $ 4,820.00. The defendants appeal this judgment asserting that the trial court erred in assessing 100% fault to the defendants. We disagree.
A reviewing court may not set aside a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). In order to reverse a fact finder’s determinations, the appellate court must find from the record that: 1) a reasonable factual basis does not exist for the ^finding of the trial court, and 2) the record establishes that the finding is clearly wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the jury’s findings. The reviewing court must review the record in its entirety to determine whether the jury’s finding was clearly wrong or manifestly erroneous. Stobart v. State, through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993). Thus, even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, 549 So.2d at 844; Stobart, 617 So.2d at 882. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.
In the instant matter the defendants argue that the trial court erred in finding Ms. Maher to be negligent and allocating to her 100% fault. The defendants contend that on the day of the incident a truck/van parked on the corner of South Carrollton Avenue and Baudin Street impaired Ms. Maher’s vision as she attempted to cross the intersection. They further assert that the driver of the parked vehicle waved to Ms. Maher signaling that the road was clear for her to cross. She testified that she felt this phantom driver had a better view of oncoming traffic. When Ms. Maher entered the intersection her car tires spun out and she was unable to successfully cross, due to the rainy conditions, the wet road, and her speed. As the plaintiffs car approached the intersection, the driver, Mr. Woodard, was unable to avoid colliding with Ms. Maher’s vehicle. The defendants contend that the cause of the accident was the phantom driver’s waver or hand gesture of safe 1 ^passage and that Ms. Maher relied on that waver as she entered the intersection.
Although, somewhat different than the facts of this case, the scenario of the phantom waver is significantly close in Martin v. New Orleans Public Service, 553 So.2d 994 (La.App. 4 Cir.1989). In Martin, this Court stated that when a plaintiff alleges that a defendant negligently waved or signaled to indicate a motorist that the way is *303 clear for the driver to cross, he must prove the following: (1) that the defendant did indeed make a signal for the motorist to cross, (2) that the defendant intended to convey that he had checked for traffic, (3) that the defendant intended to indicate that it was entirely safe to cross the street, (4) that the motorist reasonably relied on the signal and decided to cross and (5) that these circumstances, taken as a whole, caused the accident. Id. at 995-996. In Lennard v. State Farm Mutual Auto. Ins. Co., 26,396 (La.App. 2 Cir. 1/25/95), 649 So.2d 1114, the fault of a phantom was reduced from 10 percent to 0. This phantom allegedly waved “clear” to another driver, who took off across the highway in a left turn maneuver without seeing if the way was clear and struck another car. The second driver admitted he did not know whether the phantom had checked to see if the way was clear, and he did not check the roadway himself before proceeding. The court cited a left turning motorist’s high duty of care, and reallocated the phantom’s fault to the above driver. The “waving” driver was a “phantom”; thus the driver relying on the “waver” was not in a position to know if the “phantom” had looked for traffic or intended to signal that it was clear. The court considered these factors in reversing a jury’s assessment of fault to the “phantom waver.”
Ms. Maher testified at trial that there was a phantom waver and that she did not know if this phantom waver had checked the traffic before signaling her to cross the intersection. Furthermore, she testified that she had no way of knowing if |4the phantom waver believed it was safe for her to proceed. She further testified that she did not feel comfortable crossing the intersection. Clearly, Ms. Maher realized that she had a duty and an obligation to be sure that the roadway was clear before she entered the intersection. Her decision to proceed forward was not based on the phantom waver’s signal but her own imprudent decision to enter the intersection and her indiscretion was the total fault of the accident.
The defendants have failed to sufficiently establish that the negligence and causation on the part of the phantom waver was the cause of the accident either by evidence or testimony. Nor did they establish that the negligence or fault of the phantom waver caused the injuries sustained by the plaintiffs. We find no merit to the defendants’ claims.
For the foregoing reasons we find no error in the judgment of the trial court. Accordingly, we affirm the judgment of the trial court.
AFFIRMED