J^PICKETT, J.

FACTS

On October 15, 1995, at approximately 9:00 P.M., 17 year-old Katie Hebert was *471 driving East on Philadelphia Road in Rap-ides Parish, Louisiana, when she lost control of her vehicle and collided with the railing of a bridge. The bridge was constructed with a straight piece of drill pipe, which pierced the left front door of the automobile and struck Katie. After being extricated from the vehicle, Katie was taken to St. Frances Cabrini hospital where she died the following morning at 2:42 A.M.
In July of 1996, the parents of the deceased, John and Klea Hebert filed a Petition for Damages naming the Rapides Parish Police Jury (Police Jury), who allegedly was responsible for the design, construction and maintenance of the roadway and bridge, as defendant. Subsequently, on August 2, 2000, the Heberts amended their petition to name several new defendants, including J.W. Slocum, Jr., who the Police Jury had previously hired as a contractor to replace the bridge in question, and the liability insurers of Mr. Slocum, Maryland Casualty Company (Maryland Casualty) and Interstate Fire & Casualty Company (Interstate Fire).
In July of 2001, Slocum and his two liability insurers, Maryland Casualty and Interstate Fire filed Motions for Summary Judgment asserting that the claims against them are barred pursuant to the ten year peremptive period set forth in La.R.S. 9:2772. The Motions for Summary Judgment were heard on October 1, 2001. The trial court ruled in favor of the defendants and dismissed plaintiffs’ demands against Slocum, Maryland Casualty and Interstate Fire with prejudice. A final judgment was signed on October 15, 2001. Plaintiffs appeal from that judgment.
| .DISCUSSION
This matter is before the court on the appellees’ Motion for Summary Judgment. Pursuant to La.Code Civ.P. art. 966, summary judgment is favored. If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal an absence of any genuine issues of material fact, judgment shall be rendered in favor of the mover if it is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The burden of proving that summary judgment is appropriate remains with the mover. “In doing so, the moving party’s supporting documentation must be sufficient to establish that no genuine issue of material fact remains at issue.” Daigrepont v. AAA Tramp. Co., 98-1329, p. 926 (La.App. 3 Cir. 3/3/99); 736 So.2d 923.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Parker v. Harper, 01-548 (La.App. 3 Cir. 10/31/01); 803 So.2d 76.
The issue presented on appeal is the applicability of La.R.S. 9:2772 and whether it acts as a bar to a claim against Slocum and his insurers.[1]
La.R.S. 9:2772 provides, in pertinent part:
A. No' action, whether ex contractu, ex delicto, or otherwise, including but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as such *472 is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
|3(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner;
[[Image here]]
B. The causes which are perempted within the time described above include any action:
[[Image here]]
(3) For injury to the person or for wrongful death arising out of any such deficiency;
The record in the instant case reveals that construction of the bridge in question was completed by Mr. Slocum, on or about December 15, 1980, some fifteen years pri- or to the filing of the suit in this matter. According to his affidavit, Mr. Slocum has not inspected or performed any other work on the bridge since that date, and has not been informed of any deficiencies in the bridge prior to the filing of the Heberts petition in this matter. The Police Jury filed acceptance of the work done by J.W. Slocum, Jr. with the Clerk of Court for Rapides Parish on or about December 29, 1980.
La.Civ.Code art. 462 provides, “Tracts of land, with their component parts, are immovables.” Roads and bridges built across a tract of land are improvements to that land. The road at issue belongs to the Rapides Parish Police Jury. Appellants argue that because the appellee’s have offered no proof of the ownership of the land upon which the road is situated, they have failed to establish the road is an immovable and, therefore, the bridge at issue cannot be considered as an improvement to an immovable. Their argument is misplaced.
The plain wording of the statute sets forth the peremptive period for actions against “[A]ny person performing or furnishing the design, planning, supervision, 1 inspection, or observation of construction or the construction of an improvement to immovable property...(emphasis added)
Based on the facts before us, which are undisputed, proof of ownership of the land upon which the road and bridge are situated is immaterial and irrelevant. The bridge at issue was built as an improvement to the road and the land upon which it is situated and, contrary to the appellant’s argument, it is not necessary to establish under the clear wording of this statute, that proof must be given as to whether the owner of the bridge is also the owner of the land. It is not necessary to determine whether the bridge is in fact a movable, or has become a component part of the land, to determine whether we find the bridge to be an improvement to the immovable, i.e. the tract of land upon which it is situated.
We find the bridge to be an “improvement to immovable property” as contemplated by the statute. As such, the provisions of La.R.S. 9:2772 clearly apply and the action against Slocum and his insurers is barred by the provisions of that statute.

DECREE

We therefore affirm the judgment of the trial court granting Defendants’ Motions for Summary Judgment. Costs of this appeal are assessed to the plaintiffs-appellants.
AFFIRMED.

. In consideration of La.R.S. 9:2772, we are mindful that a 1999 amendment to the statute reduced the peremptive period from ten to seven years. See Acts 1999, No. 1024 § 1. Although the amendment became effective on August 15, 1999, it does not affect the instant case since the provisions of the Act have prospective application and only applies to contracts entered into on or after the effective date of this Act.