STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-1455 consolidated with CA 08-1456, CA 08-1457

ROLAND BROTHERS

VERSUS

DIRECT GENERAL INSURANCE COMPANY OF LOUISIANA, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2005-5541, C-2006-1694, C-2006-1703
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED AS AMENDED.

Arthel Joan Scheuermann
Mark Michael Gonzalez
Scheuermann & Jones Law Offices
909 Poydras Street, Suite 2556
New Orleans, LA 70112
(504) 525-4361
Counsel for Plaintiff/Appellant:
Keitric Perrot

**Kevin Paul Tauzin**
**1228 Camelia Blvd., Suite A**
**Lafayette, LA 70508**
**(337) 988-7588**
**Counsel for Plaintiff/Appellee:**
**Roland Brothers**

**Patricia Jackson Delpit**
**Louisiana Workers' Compensation**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0899**
**Counsel for Plaintiff/Intervenor/Appellee:**
**Louisiana Workers' Compensation Corporation**

**Kevin Scott Frederick**
**P. O. Box 52880**
**Lafayette, LA 70505**
**(337) 269-5143**
**Counsel for Defendants/Appellees:**
**Direct General Insurance Company of Louisiana**
**Brady M. Crouch**

**EZELL, JUDGE.**

Keitric Perrot appeals a trial court's allocation of fault. He claims the trial court erred in assessing fifty percent of the fault to a phantom driver who allegedly waved a left-turning motorist into the intersection and into the path of his vehicle.

**FACTS**

The accident occurred on April 7, 2005, at the intersection of Lagneaux Road and Louisiana Highway 724 in Lafayette Parish. This part of Highway 724 is known as Doc Duhon Road. Both roadways are two-lane highways. Brady Crouch was heading south on Lagneaux Road. He stopped at the stop sign at the intersection. At the same time, a truck with trailer was heading west on Highway 724 and attempting to make a right turn onto Lagneaux Road and head north. Unable to complete the turn due to cars in the southbound lane on Lagneaux Road and a deep ditch on the side of the northbound land, the truck with the trailer stopped while partially on Lagneaux Road and still partially on Highway 724.

Mr. Crouch wanted to make a left turn and head east on Highway 724. He testified that the driver of the truck, that was stopped partially on both roads, waved for him to proceed with his left turn. At the same time, Mr. Perrot was also heading west on Highway 724. When he reached the stopped truck and trailer, he pulled into the opposing lane of traffic to go around the truck. As Mr. Crouch was attempting his left turn, he collided with Mr. Perrot's truck as it came around the stopped truck. Mr. Perrot also had a trailer attached to his truck. The truck and trailer that waved Mr. Crouch forward, completed his turn and left the scene of the accident, becoming a phantom driver.

Three separate suits were filed against Mr. Crouch and his insurer, Direct General Insurance Company of Louisiana, by Mr. Perrot, by Mr. Perrot's passenger,

Roland Brothers, and by the Louisiana Workers' Compensation Corporation since it had paid workers' compensation benefits to Mr. Perrot and Mr. Brothers as a result of the accident. The cases were consolidated for trial, leaving the only issue before this court on the assessment of fault.

Trial was held before a judge on May 12 and 13, 2008. The trial court assessed twenty percent of the fault to Mr. Perrot, thirty percent of the fault to Mr. Crouch, and fifty percent of the fault to the phantom truck driver. Mr. Perrot appeals the assessment of fault to the phantom driver.

## ASSESSMENT OF FAULT

On appeal, Mr. Perrot argues that the phantom driver should not have been assessed with any fault. Mr. Perrot argues that the majority of the fault should have been assessed to Mr. Crouch.

"[A]n appellate court should only disturb the trier of fact's allocation of fault when it is clearly wrong or manifestly erroneous." *Adams v. Rhodia, Inc.*, 07-2110, p. 15 (La. 5/21/08), 983 So.2d 798, 809. The standards set forth in *Watson v. State Farm Fire and Cas. Ins. Co.*, 469 So.2d 967 (La.1985), should be used in determining whether the allocation of fault was manifestly erroneous. *Id.*

> In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.

*Watson*, 469 So.2d at 974.

2

Pursuant to La.Civ.Code art. 2323(A), the fault of all parties causing or contributing to the injury, death, or loss of a person shall be determined regardless of whether the person is a party to the action or a nonparty and whether the person's identity is not known or reasonably ascertainable. *State, Dep't. of Transp. and Dev. v. Cecil*, 42,433 (La.App. 2 Cir. 9/19/07), 966 So.2d 131, *writ denied*, 07-2063 (La. 12/14/07), 970 So.2d 536. "The person alleging the fault of a nonparty must prove it by a preponderance of the evidence." *Id.* at 134. "The conduct of a phantom driver may be such that he or she is entirely responsible for the plaintiff's loss." *Id.*

This court has cited with approval the duty of a waving driver as set forth in *Lennard v. State Farm Mutual Automobile Insurance Co.*, 26,396 (La.App. 2 Cir. 1/25/95), 649 So.2d 1114. See also *Jagneaux v. Louisiana Farm Bureau Cas. Ins. Co.*, 99-1697 (La.App. 3 Cir. 7/12/00), 771 So.2d 109; *Hebert v BellSouth Telecommunications, Inc.*, 01-223 (La.App. 3 Cir. 6/6/01), 787 So.2d 614, *writ denied*, 01-1943 (La. 10/26/01), 799 So.2d 1145. *Lennard*, 649 So.2d at 1118(alteration in original), set forth the duty as follows:

> Any person who waves or signals to indicate the way is clear for a motorist to turn has a duty to exercise reasonable care in doing so. *See Martin v. New Orleans Public Service*, 553 So.2d 994, 995-96 (La.App. 4th Cir.1989). However, before any person can be assessed with fault for failing to exercise reasonable care in waving or signaling, the party alleging the waver's negligence must prove the following: (1) the "waver" did indeed make a signal for the motorist to cross, (2) the "waver" intended to convey that he had checked for traffic, (3) the "waver" intended to indicate that it was entirely safe to cross the street, (4) the motorist reasonably relied on the signal in decid[ing] to cross, and (5) these circumstances, taken as a whole, caused the accident. *Id*.

A motorist has a duty not to cause an obstruction to the normal flow of traffic on a highway or to adequately warn approaching motorists of any obstructions he does cause. *Hebert*, 787 So.2d 614; La.R.S. 32:143. This duty is designed to prevent the risk of confused or inattentive drivers colliding with such obstructions. *Id.*

3

A driver making a left turn has a statutory duty to "yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard." La.R.S. 32:122. "'A left turn is one of the most dangerous maneuvers a motorist may execute and requires the exercise of great caution.'" *Theriot v. Lasseigne*, 93-2661, p. 8 (La.7/5/94), 640 So.2d 1305, 1312 (quoting *Thomas v. Petroland Gas Serv.*, 588 So.2d 711, 717 (La.App. 2 Cir. 1991), *writ denied*, 590 So.2d 1201 (La.1992)). " Before attempting a left turn, a motorist should ascertain whether it can be completed safely." *Id.*

The trial court assessed fifty percent of the fault to the phantom truck driver for blocking the intersection and waving Mr. Crouch forward. In assessing Mr. Crouch with thirty percent of the fault, the trial court did recognize that, while Mr. Crouch did proceed cautiously into the intersection, he overly relied on the phantom driver's hand signals when he should have made sure that the intersection was clear. We find that the trial court's assessment of fault was manifestly erroneous.

A left turn is one of the most hazardous moves a driver can make. Couple this with the fact that the left-turning motorist was relying on another person while proceeding with his turn. Mr. Crouch admitted that the trailer of the phantom truck obscured his view of traffic so that he could not see Mr. Perrot passing on the left. Mr. Crouch indicates that he relied on the phantom driver in part in making his left turn. However, there is no testimony that the waver indicated that he checked for oncoming traffic. Mr. Crouch never testified that he saw the driver check his mirrors to insure that there were no vehicles passing his stopped vehicle. Mr. Crouch testified that he eased out into traffic, which further indicates his concern that there could be passing cars. The testimony indicates that the phantom driver waved Mr. Crouch to proceed out so the phantom driver could have more room to complete his

4

turn.

We find that the majority of the fault should have been assessed to Mr. Crouch. The law imposes a high duty on Mr. Crouch to insure he can make a safe left turn. Mr. Crouch relied on the phantom driver to wave him on when he was not sure if the driver had checked for traffic that may be passing on the left. If Mr. Crouch had not entered the intersection before insuring that traffic was not passing the stopped truck, the accident would never have happened. Therefore, we find that Mr. Crouch should have been assessed with sixty-five percent of the fault, and the phantom driver should have been assessed with fifteen percent of the fault.

For these reasons, the judgment of the trial court is amended to reflect that Brady Crouch is assessed with sixty-five percent of the fault, and the phantom driver is assessed with fifteen percent of the fault. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Brady Crouch and Direct General Insurance Company of Louisiana.

**AFFIRMED AS AMENDED.**