# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 18-216


**BILLY B. MILLER**

**VERSUS**

**SHELTER INSURANCE COMPANY, ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 255,535
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.


**REVERSED AND REMANDED.**

**Jerry Lytel Lavespere, Jr.**
**Attorney at Law**
**1805 Jackson St.**
**Alexandria, LA 71301**
**(318) 443-9926**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Billy B. Miller**

**Jason R. Bell**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Billy B. Miller**

**Michael M. Thompson**
**Taylor, Wellons & Duhe**
**8550 United Plaza Blvd., #101**
**Baton Rouge, LA 70809**
**(225) 387-9888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lowe's Home Centers, Inc.**

**SAVOIE, Judge.**

Plaintiff, Billy Miller, appeals the trial court's summary judgment in favor of Defendant, Lowe's Home Centers, L.L.C., dismissing his claims against it. For the following reasons, we reverse and remand for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 12, 2016, Mr. Miller filed a petition alleging that he was injured on or about October 9, 2015, when a vehicle driven by Lance Carruth struck him in the parking lot of a Lowe's store as he was walking out of the store. Mr. Miller named Mr. Carruth, and Mr. Carruth's insurer, Shelter Insurance Company, as Defendants. On June 2, 2016, Mr. Miller filed a supplemental and amending petition against Lowe's alleging that his injuries were caused by the fault and negligence of a Lowe's employee, including "failing to warn;" "failing to keep a proper lookout;" and "failure to use reasonable care and caution." On March 8, 2017, a judgment was signed dismissing Mr. Miller's claims against Mr. Carruth and Shelter, pursuant to a joint motion by the parties.

Lowe's filed a Motion for Summary Judgment on June 15, 2017, seeking the dismissal of Mr. Miller's claims. It argued that Mr. Miller would not be able to prove that Lowe's breached a duty, or that any alleged breach of duty was a cause-in-fact of the accident. Specifically, Lowe's argued that, on the day of the accident, Mr. Carruth

> pulled [his] vehicle in front of the contractor entrance of Lowes. As he parked his vehicle, a forklift approached and needed room to get around Mr. Carruth's vehicle. Lowes anticipates argument in opposition to this Motion that the operator of the forklift, David Fontenot, signaled Mr. Carruth to reverse. That issue is not material. There is no dispute that Lance Carruth checked his mirrors prior to reverse and was looking towards the back of his vehicle at all times while proceeding in reverse. Carruth was not looking at any Lowe's employee and he was not

relying on any indication from a Lowe's employee that the path was clear to proceed in reverse.

Therefore, according to Lowe's, Mr. Carruth "assumed the risk of potentially harming a customer by looking backward and proceeding in reverse," and summary judgment was appropriate.

In support of its motion, Lowe's attached the deposition of Mr. Carruth, wherein Mr. Carruth testified that on the day of the accident at issue, he was driving his 2010 Chevrolet Silverado and had gone to Lowe's to purchase building materials. He left the items he wished to purchase in the store and then moved his vehicle from the parking lot into the loading area in front of the store. He indicated that as he was pulling into the loading area, there was a red Dually to his right, so he pulled into the left lane of the loading area, and there was a forklift to his immediate front left, which was facing the building. He testified that as he pulled into the loading area, the driver of the forklift, who he assumed was a Lowe's employee, gestured to him to back up so that the forklift driver could get to the red Dually.

Mr. Carruth also testified in his deposition that there was a flag attendant near the forklift, who was also a Lowe's employee. He indicated that the flag attendant had her back towards his vehicle and did not direct Mr. Carruth to back up.

According to Mr. Carruth's deposition testimony, as he shifted his truck into reverse, he looked into his left mirror, and then turned to his right to back up. He testified: "[O]ut of nowhere, I see, I guess Mr. Miller. . . . And then I see him hobbling around so I put . . . my truck rather in Park and got out and asked him what happened and he said he hit his leg on my hitch." Mr. Carruth indicated he assumed Mr. Miller was coming out of the store and that he had approached his vehicle from the left side. Mr. Carruth further testified in his deposition as follows:

2

Q. . . . . So you would not have been backing up if it wouldn't have been for the Lowe's employee directing you to backup; correct?

. . . .

A. That's correct.

. . . .

Q. Okay. To your knowledge, the Lowe's employee was just getting you to move so they could access the red truck; correct?

A. That's correct.

. . . .

Q. The Lowe's employee was not signaling to you that the way was clear for you to backup; correct?

A. That's correct.

. . . .

Q. Okay. And if I understand your testimony, you were never relying on Lowe's employees to ensure that it was okay for you to reverse? That was something you undertook on your own when you were reversing your vehicle?

. . . .

A. I -- I never had a conversation with them.

. . . .

Q. Okay. You would agree with me that as the driver of a vehicle, it is incumbent upon you to ensure that the way is clear for you to reverse it; correct?

A. Yes, sir.

Mr. Miller did not submit any evidence in opposition to Lowe's motion for summary judgment.

Following a hearing on November 13, 2017, the trial court granted Lowe's motion and dismissed Mr. Miller's claims against it. In its reasons for ruling, the trial court stated:

3

I don't find that there is a duty on the part of Lowe's. That the flag person, in fact, was not connected to Mr. Miller – or Mr. Carruth backing up . . . that Lowe's was not responsible to Mr. Carruth. The flag person was there for the other traffic of Lowe's. . . . [Mr. Carruth] talks about in his deposition . . . that he looked in his mirror, he turned back, he turned away from the forklift, meaning he was aware of the forklift driver but then he took it upon himself to go . . . . However, with all that he just didn't see the pedestrian. And so I do find that there is no duty on the part of Lowe's.

Mr. Miller appeals. He states the following as assignments of error: "The trial court erred in granting Lowe's motion for summary judgment where Lowes (1) had a duty to protect Mr. Miller; (2) Lowe's breached that duty; and (3) Lowe's breach was a cause-in-fact of Mr. Miller's injuries."

## STANDARD OF REVIEW

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

"Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate." *Larson v. XYZ Ins. Co.*, 16-745, p. 6 (La. 5/3/17), 226 So.3d 412, 416.

4

## ANALYSIS

"[W]hether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case." *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 632. Mr. Miller has asserted a negligence claim against Lowe's, and therefore, the duty-risk analysis is applicable.

> It is well settled that questions of liability for negligent acts are evaluated using a duty-risk analysis. Under the duty-risk approach, the "[p]laintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant[,] and the risk of harm was within the scope of protection afforded by the duty breached."

*D.C. v. St. Landry Parish School Bd.*, 00-1304, p. 2-3 (La.App. 3 Cir. 3/7/01), 802 So.2d 19, 21, *writ denied*, 01-981 (La. 5/25/01), 793 So.2d 169.

Duty:

The trial court granted Lowe's motion finding that no duty existed. However, Lowe's motion for summary judgment did not raise the issues of whether Lowe's owed a duty to Mr. Miller, or whether the scope of any duty owed by Lowe's encompassed the risk of harm at issue. Rather, Lowe's motion was based only upon its argument that, under the undisputed facts, Mr. Miller would not be able to prove at trial "Lowe's breach of duty []or that any alleged conduct by Lowe's was a cause-in-fact for the accident."

"A summary judgment may be rendered or affirmed only as to those issues set forth in the motion for consideration by the court at that time." La.Code Civ.P. art. 966(F). Therefore, we find error in the trial court's ruling in as much as it ruled on the issue of duty, which was not properly before it.

We further note:

> Duty is a question of law. The duty issue may be appropriate for resolution by summary judgment. La.Code Civ.P. art. 966(B).

5

> However, summary judgment is proper, in such instances, only when it is clear no duty exists as a matter of law; and, the facts or credibility of the witnesses are not in dispute.
>
> In general, store owners owe a duty to patrons to take reasonable care for their safety, although they are not the insurer of the patron's safety.

*Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716, p. **2-3** (La.App. 3 Cir. 6/23/99), 742 So.2d 18, 20.

Therefore, summary judgment on the issue of whether Lowe's owed a duty to Mr. Miller was improper.

<u>Breach of Duty:</u>

Whether a defendant breached a duty is a factual question to be determined by the factfinder. *Hanks v. Entergy Corp.*, 06-799 (La. 12/18/06), 944 So.2d 564. "Generally, breach of a duty is the failure to exercise reasonable care under the circumstances." *D.C.*, 802 So.2d at 22. Therefore, summary judgment is appropriate only if, under the facts and circumstances, reasonable minds could not disagree that Lowe's did not fail to exercise reasonable care.

According to Mr. Carruth's deposition testimony, a Lowe's employee was operating a forklift in the loading zone outside of the contractor entrance to the store, and a flagman, also a Lowe's employee, was "in close proximity to the forklift," with her back facing away from Mr. Carruth. Then, as Mr. Carruth was pulling his vehicle into the loading area in front of the store, the driver of the forklift gestured to him to back up his vehicle. Then, he put his vehicle from drive into reverse and began to back up. According to Mr. Carruth, after reversing for "four or five feet, if that far," his vehicle made contact with Mr. Miller, who Mr. Carruth believed was exiting the store. According to Mr. Carruth, he would not have backed up his vehicle had the forklift driver not gestured for him to do so. There is no indication that Mr.

Miller was not exiting the store or otherwise not in the loading zone area at the time that the Lowe's forklift driver gestured to Mr. Carruth to reverse.

Lowe's argues that, because Mr. Carruth testified the forklift driver was gesturing him to move but did not signal to him that it was clear for him to back up, Mr. Carruth "assumed" the risk of injuring a pedestrian as he was reversing his vehicle. Therefore, according to Lowe's, summary judgment on the issue of breach is appropriate.

However, a breach of duty on the part of Mr. Carruth does not necessarily absolve Lowe's from its own breach of duty. Rather, the question presented is whether, under the instant facts, reasonable minds must inevitably conclude that the Lowe's employees working in the loading zone where the accident occurred did not fail to exercise reasonable care toward Mr. Miller, who was a Lowe's patron. We find that Mr. Carruth's testimony could lead a reasonable factfinder to conclude that the Lowe's forklift driver failed to exercise reasonable care when requesting Mr. Carruth to reverse his vehicle into the path of Mr. Miller. In addition, a factfinder could also reasonably conclude that the forklift driver's and flagman's efforts, or lack thereof, in directing Mr. Carruth as he proceeded in reverse, after requesting him to reverse, constitutes a failure to exercise reasonable care.

Therefore, because material issues of fact exist as to whether the Lowe's employees exercised reasonable care under the circumstances, summary judgment on the issue of whether Lowe's breached its duty is inappropriate.

Cause-In-Fact

As stated in *Daigrepont v. AAA Transp. Co.*, 98-1329 (La.App. 3 Cir. 3/3/99), 736 So.2d 923, 927:

An action is the cause-in-fact of an injury, if it is a "substantial factor" in bringing about the harm. For example, the act is a cause-in-fact in bringing about the injury when the harm would not have occurred without it.

Whether or not an action is the cause-in-fact of the harm is essentially a factual determination that is usually left for the fact finder. It may be disposed of by summary judgment when no reasonable minds could differ regarding the uncontested facts. If the mover proves that under the undisputed facts, the action could not reasonably be the cause-in-fact of the harm, summary judgment should be granted unless the nonmover sets forth genuine issues of material fact.

Lowe's argues that Mr. Carruth's deposition testimony conclusively establishes that any breach of duty on the part of Lowe's could not be a cause-in-fact of Mr. Miller's injuries. We disagree.

Mr. Carruth testified that: the forklift driver was not signaling to him that it was clear to backup, but rather he was only indicating for him to move; he "never had a conversation" with a Lowe's employee ensuring him that it was okay to reverse; and, as the driver of the vehicle, it was incumbent upon him to ensure the way was clear. Mr. Carruth also testified that had the Lowe's forklift driver not gestured for him to back up, he would not have done so.

Mr. Carruth's testimony could lead a reasonable factfinder to conclude that Mr. Carruth's decision to reverse his vehicle was based upon the actions of the Lowe's employees, and but for their actions, the accident would not have occurred. Further, while Mr. Carruth testified that the Lowe's forklift driver and flagman did not signal to him that it was safe to reverse his vehicle and he did not rely on the Lowe's employees while backing up, a reasonable factfinder could conclude that the Lowe's employees' failure to take more action in directing Mr. Carruth while in reverse, after requiring him to move, was a cause-in-fact of the accident. Therefore, we find that material issues of fact concerning whether Lowe's actions or inactions

were a cause-in-fact of the accident exist, and the summary judgment is inappropriate.

## CONCLUSION

For the reasons set forth above, the summary judgment rendered by the trial court is hereby reversed and the matter is remanded for further proceedings. Costs of this appeal are assessed to Defendant-Appellee, Lowe's.

**REVERSED AND REMANDED.**