| WOODARD, Judge.
This litigation arose from a vehicular collision which took place at the intersection of Louisiana Highway 84, in Concordia Parish, Louisiana, and the Swayzee Levee Road (the Levee road).
The only issue on appeal is whether the trial court erred when it granted the Board of Commissioners for the Fifth Louisiana Levy District’s (the Levee District) motion for summary judgment, dismissing it from this litigation. We must determine whether the record reflects the existence of a genuine issue of material fact regarding the Levee District’s duty of garde over the Levee Road. Finding that the Levee Board had no such duty, we affirm.
FACTS
On March 19, 1999, Mr. Marcus Carter sustained a vehicular collision with Ms. Leah Meredith while proceeding on Highway 84. The accident occurred at the Black River bridge’s eastern foot, within the Highway 84 and the Levee Road’s intersection. Allegedly, Ms. Meredith attempted to turn west onto Highway 84 from the Levee road when she struck Mr. Carter’s eastbound vehicle.
Mr. Carter, as well as the passengers in his vehicle, Mr. Derrick Johnson and Ms. Cassandra Thompson, on behalf of her minor son, Mayja Thompson, filed suit to recover from their resulting injuries, naming as Defendants, Ms. Meredith, State Farm, her automobile insurer, the Concor-dia Parish Police Jury, the State of Louisiana through the Department of Transportation and Development (DOTD), and the Levee District. Asserting that it neither had garde, nor responsibility for the intersection, the Levee District filed a motion for summary judgment on March 24, 2000, which the trial court granted on July 24, 2000. The DOTD appeals.
* * * $ *

Garde

The only issue which we must determine on appeal is whether our relevant law, read together with the entire record, reflects the existence of a genuine issue of material fact in dispute regarding the Levee Board’s eventual liability.
| ¡.Appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to a judgment as a matter of law.[2]
La.Code Civ.P. art. 966, charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, that party’s supporting documentation must be sufficient to establish that no genuine issue of material fact remains to be decided.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La. Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that *1283 there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
In summary, the threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are | ¡¡undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9]
The specific issue sub judice is whether the Levee District had garde over a“ condition which could have been a factor in causing the instant accident. Garde is a word of French terminology which our jurisprudence has interpreted to mean a legal obligation imposed on an owner or custodian of a thing to prevent the thing from causing damages to others.[10] In Loescher v. Parr,[11] our supreme court stated that “[t]he things in one’s care are those things to which one bears such a relationship as to have the right of direction and control over them and to draw some kind of benefit from them.” However, although ownership, itself, may establish a garde presumption, the owner may rebut such a presumption, and the issue is primarily a question of fact.[12]
In the instant ease, the undisputed facts in the record reveal that the accident occurred on the State’s right-of-way on Highway 84. It is undisputed that, whether by law or fact, the Levee Board exerted no control, dominion, or ownership over the State’s Highway 84 right-of-way. On the contrary, it is, also, undisputed that this responsibility belongs to the DOTD. In fact, La.R.S. 48:259 provides that “[t]he department shall maintain the highways forming the state highway system[.]” (Emphasis added.)
Additionally, La.R.S. 38:306(A) specifies the Levee Board’s duties to be:
14Each board of commissioner may buy and hold, sell and transfer, or exchange property, make and execute contracts, and do and perform any and all acts necessary to insure the thorough and adequate protection of the lands of the district from damage by flood, and, in the case of levee and drainage boards, for the adequate drainage control of the district.
(Emphasis added.)
Although Levee Boards may exert garde over levee roads which are closed to the public,[13] the record sub judice further reflects that the Levee Road is open to the public and is included in Concordia Parish road’s list. Additionally, the unrebutted evidence in the record, adduced through depositions, reveals that Concordia Parish did, in fact, maintain and place traffic signals on the Levee Road, including its intersection with Highway 84.
Finally, in his February 2, 2000 deposition, Mr. Reynold S. Minski, President of the Louisiana Fifth Levee District, which *1284 has jurisdiction over the instant levee, explained the levee’s existence in connection to the Levee Road to be:
We don’t have any reason to want to move [the levee]. I mean, someone else would have had to ask to move it, because we — As I said earlier, this particular part of the road, as far as we are concerned. Could be completely shut off. It doesn’t have any- — It doesn’t play any part in what we — you know, to maintain [sic] the levee. We don’t have to have that road.
Viewing Mr. Minsky’s deposition in the context of the other evidence adduced in the record, it is clear that the Levee Board did not draw any benefit from having the Levee Road open to the public.
After conducting a de novo review of the record, we find that DOTD simply failed to introduce any genuine issue of material fact regarding the Levee Board’s duty of garde over the Levee Road, specifically as it intersects with Highway 84. Accordingly, we affirm the trial court’s summary judgment.
|,CONCLUSION
After conducting a de novo review of the record, we find that DOTD did not show the existence of a genuine issue of material fact regarding the Levee Board’s liability concerning the instant traffic accident. Accordingly, we affirm the trial court’s summary judgment and cast DOTD with costs.
AFFIRMED.

. Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 91-2737 (La.1/16/98); 706 So.2d 979.

. La.Code Civ.P. art. 966(B).

. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.

. Id.

. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.

. Id.

. Id.

. Soileau, 702 So.2d 818.

. Id.

. Coleman v. Otis Elevator Co., 582 So.2d 341 (La.App. 4 Cir.1991).

. 324 So.2d 441, 449 (La.1975).

. Alford v. Home Ins. Co., 96-2430 (La.App. 1 Cir. 11/7/97); 701 So.2d 1375, writ denied, 97-3029 (La.2/13/98); 709 So.2d 749.

. See La.R.S. 38:213.