I,WOODARD, Judge.
Ms. Jennifer Redmon, a former employee of Bi-Lo Supermarket, filed suit against Mr. Robert Boudreaux, II, for, allegedly, sexually harassing her. In her third supplemental and amending petition, she added State Farm Fire & Casualty Company (State Farm), Mr. Boudreaux’s home *821 owner’s insurer, as a Defendant. State Farm’s policy specifically and unequivocally excludes emotional distress or mental anguish unless accompanied by physical bodily injury. Consequently, State Farm moved for summary judgment, which the trial court granted. Both, Mr. Boudreaux and Ms. Redmon appeal. We reverse and remand for further proceedings.
* * *
From 1995 until September 26, 1999, Jennifer Redmon worked as a sales clerk at the Bi-Lo Supermarket. During the summer of 1999, Mr. Boudreaux, a co-owner, allegedly, started to sexually harass, batter, and stalk her. He complimented her on how good she looked and rubbed his pelvic area against hers.
On September 25, 1999, after a Fais-do-do, Ms. Redmon arrived home at 5:30 a.m. to find Mr. Boudreaux’s car in her driveway. He was asleep. After knocking on his window and awakening him, he asked her to get in so that they could talk about their relationship. Allegedly, he offered to leave his wife and take care of her child. When she tried to get out of the car, he grabbed her and locked her inside. She managed to get out. But, he followed and grabbed her again. Finally, she threatened to set off her house alarm or call her father to remove him from the property. Ultimately, he left. Nevertheless, she filed a police report. Deputy Bell visited Mr. Boudreaux and told him not to contact Ms. Redmon.
Notwithstanding, Ms. Redmon maintains that on September 26, 1999, Mr. Bou-dreaux’s wife, mother, and sister verbally attacked, threatened, and/or embarrassed and humiliated her, after which she left the store, never to return.
Ms. Redmon brought this claim against Mr. Boudreaux and, through a third supplemental and amending petition, against State Farm, his homeowner insurance carrier. She asserted that Mr. Boudreaux’s actions caused her to have severe mental and emotional distress, psychological damages, loss of self esteem, loss of freedom Lof movement and security, loss of wages and employment, and physical pain and suffering. (Emphasis added.)
State Farm moved for summary judgment, stating that the contract policy did not provide coverage for emotional distress or mental anguish unless it arises out of a physical bodily injury. Ultimately, the trial court found in its favor. Notwithstanding, both, Ms. Redmon and Mr. Boudreaux appeal, claiming that an issue of material fact remains in dispute, prohibiting summary judgment. We agree and reverse.
[[Image here]]
Standard of Review
We review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.[1] Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, its supporting documentation must be sufficient to establish that no genuine issue of material fact remains to be decided.[3] Once the mover makes a prima *822 facie showing that there is no genuine issue involving a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a | ¡¡genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
In summary, in reviewing a trial court’s summary judgment, the threshold question is whether a genuine issue of material fact remains.[5] Thus, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6]
Matekial Fact in Dispute/Burden of Proof
In the instant case, State Farm, who moved for summary judgment, bore the burden of providing documentation which sufficiently proved an absence of a genuine issue of material fact in dispute. It introduced Mr. Boudreaux’s policy, number 18-Cl-0411-6, which provides coverage for various bodily injuries. However, it denied coverage and, therefore, liability, on the contention that Ms. Redmon did not suffer any physical bodily injury. It based this on the following exclusionary clause:
1. bodily injury means physical injury, sickness, or disease to a person.
This includes required care, loss of services and death resulting therefrom.
Bodily injury does not include:
[[Image here]]
(c) emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.
(Emphasis added.)
Nevertheless, in their briefs, both, Mr. Boudreaux and Ms. Redmon assert that a battery occurred when he grabbed her and sexually harassed her; that, accordingly, |4she suffered a physical injury, the extent of which is an issue of disputed fact precluding the propriety of summary judgment in State Farm’s favor.
Coverage, concerning the facts before us, turns on resolving the question of what is meant by an injury in the policy and more particularly, a physical injury. In other words, State Farm maintains that there is no coverage if there was no physical injury. To refute the claim of physical injury, it argues that Ms. Redmon admitted in her deposition that she suffered emotional, as opposed to physical, damages.
While this may appear to be dispositive, we must acknowledge that legal and a lay person’s definitions of injury may differ. State Farm’s policy does not define injury, per se. It simply equates bodily injury with physical injury. Thus, when trying to ascertain a contractual term’s meaning, our supreme court instructs us that:
An insurance policy is a contract between the parties and should be construed employing the general rules of *823 interpretation of contracts set forth in the Louisiana Civil Code. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). The parties’ intent, as reflected by the words of the policy, determine the extent of coverage. La.Civ.Code art.2045; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911 p. 5, (La.1/14/1994), 630 So.2d 759, [763]. Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. Interstate, 93-0911 p. 5, 630 So.2d at [763]; La.Civ.Code art.2047.[7]
(Footnote omitted.) (Emphasis added.)
In effect, State Farm is now attempting to limit its scope of the definition of “injury” to that requiring, at least, physical “damage,” such as a broken bone, bruise, laceration, and the like, even though it failed to specify this definition in its policy. This thinking confuses injury with physical damage.
Furthermore, State Farm’s presently proposed definition does not necessarily comport with the well settled legal definition of injury. Black’s Law Dictionary defines injury as “any wrong or damage done to another, either in his person, rights, | ^reputation, or property.”[8] In our society, a battery is a crime-a wrong. It is physical in nature, thus, at the very least, it is a wrong against one’s body, which logically may be characterized as a physical injury.
Additionally, one does not have to suffer great physical damage, as State Farm would like us to believe, in order to be considered to be injured or wronged.[9] For example, it is hornbook law that spitting on another is "wrong and is an actionable battery even though there is no real physical damage.[10]
Ms. Redmon alleges that Mr. Boudreaux intentionally grabbed her arm, forcing her to remain in his car, and that, at another time, he rubbed his pelvic area against hers, both acts against her will. If these facts are accurate, under our law, he committed a battery on her.[11] Thus, she suffered a bodily injury/wrong, the extent of which is a factual question related to damages, not to coverage.
Some courts indicate that “mental distress; unaccompanied by bodily injury resulting from the application of some external force to an individual, is not generally regarded as physical or bodily injury.”[12] However, our supreme court has noted that “[T]here is no bright-line distinction between ‘physical’ and ‘mental’ injuries, either in medicine or in law[.]”[13] “We are unable to separate a person’s nerves and tensions from his body. It is common knowledge that worry and anxiety can and often do have a direct effect on other bodily functions.”[14]
*824 |fiFor example, in Levy,[15] the fourth circuit found that the act of grabbing the plaintiff constituted physical abuse and the act of accusing her of shoplifting in front of witnesses constituted an external force as contemplated in the standard for determining whether there was bodily or physical injury. In addressing the shoplifting accusation, the court stated, “While such an emotional experience operates primarily on the mind of a victim such suffering cannot be isolated from the body. Some physical effects must flow from the experience even if only confined to increased perspiration or adrenaline in the system.” [16] The court indicated that the plaintiffs tears and hysteria after the incident as well as her inability to work as efficiently after the incident were evidence of such physical effects.[17]
Likewise, Ms. Redmon alleges that, inter alia, her school work was adversely affected after the incident. While we do not have evidence of outward physical manifestations, such as tears or hysteria, certainly, the distress causing her to struggle with Mr. Boudreaux to get out of his locked' car, to threaten to have him removed from her property, and to call the police could constitute evidence that she experienced some physical effects such as those contemplated in Levy. Additionally, considering that Mr. Boudreaux’s “touchings” were unwanted and were made by force, reasonable minds could conclude that they created, at the least, uncomfortable physical sensations. Moreover, Mr. Boudreaux’s alleged acts of grabbing her, locking her in his car, and, at another time, rubbing his pelvic area against hers subjected her to physical abuse.[18] Thus, given all of these factors, under the law, reasonable minds could conclude that Ms. Red-mon suffered a physical injury from which her alleged emotional distress, etc., arose, affording Mr. Boudreaux coverage under his homeowner’s policy unless evidence is deduced concerning another exclusion not before us.
^Accordingly, we find that the trial court erred in granting the summary judgment in State Farm’s favor. We reverse and remand for further proceedings consistent with this opinion.
CONCLUSION
We find that the trial court erred in granting summary judgment in State Farm’s homeowner’s policy, concluding no coverage for Mr. Boudreaux’s alleged battery, sexual assault, and harassment. Thus, we reverse and remand for further proceedings. The cost of this appeal are cast on the Appellee, State Farm.
REVERSED AND REMANDED.
AMY, J., dissents and assigns written reasons.
EZELL, J., dissents for reasons assigned by Judge AMY.

. Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991).

. La.Code Civ.P. art. 966(B).

. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.

. Id.

. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.

. Id.

. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1183.

. Black's Law Dictionary 785 (6th ed.1990).

. Levy v. Duclaux, 324 So.2d 1 (La.App. 4 Cir.1975), writ denied, 328 So.2d 887 (La.1976).

. State v. Lachney, 621 So.2d 846 (La.App. 5 Cir.1993).

. See La.R.S. 14:33.

. Levy, 324 So.2d at 9, quoting Nickens v. McGehee, 184 So.2d 271 (La.App. 1 Cir.1966), writ refused, 249 La. 199, 186 So.2d 159 (La.).

. Crabtree v. State Farm Ins. Co., 93-509 (La.2/28/94); 632 So.2d 736, 745, quoting Sparks v. Tulane Med. Ctr. Hosp. & Clinic, 546 So.2d 138 (La.1989).

. Crabtree, 632 So.2d at 743, quoting Levy, 324 So.2d 1.

. 324 So.2d 1 (La.App. 4 Cir.1979).

. Crabtree, 632 So.2d at 743, quoting Levy, 324 So.2d 1.

. Levy, 324 So.2d 1.

. Id.